FORM 1. Notice of Appeal from a United States Federal Court (District Court, Court of Appeals for Veterans Claims, Court of Federal Claims (non-vaccine appeals), and Court of International Trade)      Form 1   March 2023

# UNITED STATES
## COURT OF APPEALS FOR VETERANS CLAIMS

## NOTICE OF APPEAL

Notice is hereby given that the appellant(s) listed below hereby appeal(s) the below-noted case to the United States Court of Appeals for the Federal Circuit.

Case number being appealed: 25-1621

Case title being appealed: Phyllis K. Johnson    v.   Douglas A. Collins

Date of final judgment or order being appealed: November 24, 2025

**List all Appellants** (List each party filing this appeal. Do not use "et al." or other abbreviations. Attach continuation pages if necessary.)

Phyllis K. Johnson

Date: January 16, 2026

Signature: /s/ Meaghan R. Fitzpatrick

Name: Meaghan R. Fitzpatrick

Address: P.O. Box 47386

Tampa, FL 33646

Phone Number: (813) 647-5366

Email Address: mfitzpatrick@binderandwatson.com

Save for Filing

# General Docket
## United States Court of Appeals for Veterans Claims

| | |
|---|---|
| **Case Number:** 25-1621<br>Phyllis K. Johnson v. Douglas A. Collins<br>**Appeal From:** Department of Veteran Affairs<br>**Fee Status:** dfh | **Docketed:** 02/27/2025 |

**Case Type Information:**
   1) Petition
   2) -
   3) -

Phyllis K. Johnson
    Petitioner



True Copy
By: /s/ Shelby Turner
Deputy Clerk

Benjamin R. Binder, Esq., Attorney
Direct: 813-647-5371
[COR LD NTC]
Firm: 813-647-5371
Law Office of Benjamin R. Binder, Esq.
P.O. Box 47386
Tampa, FL 33646

Meaghan R. Fitzpatrick, Esq., Attorney
Direct: 516-713-0745
[COR LD NTC]
Firm: 516-713-0745
19457 Redwood Point Drive
Tampa, FL 33647

Wesley A. McCauley, Non-Attorney
Direct: 229-270-1571
[COR NTC]
Firm: 229-270-1571
United Veteran's Disability, LLC
100 N. Patterson St., Ste. 52
Valdosta, GA 31601

v.

Douglas A. Collins, Secretary of Veterans Affairs
    Respondent

Mark M. McNabb, Esq., Attorney
Direct: 202-632-4365
[COR LD NTC]
Firm: 202-632-4365
Department of Veterans Affairs, OGC (027)
810 Vermont Ave., NW
Washington, DC 20420

OGC-ICM1, Non-Attorney
Direct: 202-632-7104
[COR NTC]

| | | |
|---|---|---|
| | | Department of Veterans Affairs, OGC (027)<br>810 Vermont Avenue, N.W.<br>Washington, DC 20420 |
| 02/27/2025 | 🔒 | Petition for extraordinary relief - unredacted (AAM) |
| 02/27/2025 | 📄 | Petition for extraordinary relief - redacted (AAM) |
| 02/27/2025 | 📄 | Declaration of Financial Hardship (AAM) |
| 02/27/2025 | 📄 | Appearance of Attorney(s) Benjamin R. Binder for party(s) Petitioner Phyllis K. Johnson, in case 25-1621 as lead counsel (AAM) |
| 02/27/2025 | 📄 | Appearance of Attorney(s) Wesley A McCauley for party(s) Petitioner Phyllis K. Johnson, in case 25-1621 as co-counsel (AAM) |
| 02/27/2025 | 🔒 | Fee Agreement (AAM) |
| 03/05/2025 | 🔒 | Notice of Docketing for petition for extraordinary relief (AAM) |
| 03/05/2025 | | Assigned case to Judge Laurer (PTD) |
| 03/12/2025 | 📄 | ORDERED that the Secretary, within 30 days from the date of this order, respond to the February 27, 2025, petition, addressing petitioner's specific allegations and providing any documentation necessary to aid the Court's resolution of this matter. (LAURER) (SNT) |
| 04/10/2025 | 📄 | Appearance of Mark M. McNabb for Douglas A. Collins, in case 25-1621 as lead counsel (MMM) |
| 04/10/2025 | 📄 | Response by Respondent *Secretary's Response to Petition for Extraordinary Relief and Court Order Dated March 12, 2025* (MMM) |
| 04/21/2025 | 📄 | Motion of Petitioner for leave to file *to respond to Secretary's response* (WAM) |
| 05/15/2025 | 📄 | ORDERED that petitioner's April 21, 2025, motion for leave to reply is granted. It is also ORDERED that petitioner, within 30 days of the date of this order, discuss the matters outlined above. (LAURER) (SM) |
| 06/16/2025 | 📄 | Motion of Petitioner to ext time to file response to Court Order until 06/23/2025 at 11:59 pm. (WAM) |
| 06/17/2025 | 📄 | Judge's stamp order granting nunc pro tunc to 06-16-2025 motion to extend time to file response to Court Order until 06-23-2025 (LAURER) (SNT) |
| 06/23/2025 | 📄 | Response by Petitioner *to the Court's May 15, 2025, Order* (BRB) |
| 07/23/2025 | 📄 | ORDERED, sua sponte, that the above-captioned appeal is stayed pending the Court's mandate in Kline or until further order of the Court. (LAURER) (SNT) |

| Date | | Description |
|---|---|---|
| 10/16/2025 | | Motion of Petitioner *to lift the stay of proceedings* (BRB) |
| 10/31/2025 | | ORDERED that petitioner's October 16, 2025, motion to lift the stay of proceedings is granted. It is also ORDERED that the February 27, 2025, petition is DISMISSED for lack of jurisdiction. (LAURER) (GBH) |
| 11/24/2025 | | Judgment (SNT) |
| 01/16/2026 | | Appearance of Meaghan R Fitzpatrick for Phyllis K. Johnson, in case 25-1621 as co-counsel (MRF) |
| 01/16/2026 | | Appellant's Notice of Appeal to the U.S. Court of Appeals for the Federal Circuit (MRF) |
| 01/20/2026 | | Letter regarding the U.S. Court of Appeals for the Federal Circuit filing fee $600 (SNT) |
| 01/20/2026 | | (p) RECEIVED: U.S. Court of Appeals for the Federal Circuit filing fee ($600) (AAM) |
| 01/22/2026 | | Appellant's Notice of Appeal transmitted to U.S. Court of Appeals for the Federal Circuit (SNT) |

*Designated for electronic publication only*

# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 25-1621

PHYLLIS K. JOHNSON, PETITIONER,

V.

DOUGLAS A. COLLINS,
SECRETARY OF VETERANS AFFAIRS, RESPONDENT.

Before LAURER, *Judge*.

**O R D E R**

*Note: Under U.S. Vet. App. R. 30(a),
this action may not be cited as precedent.*

On February 27, 2025, U.S. Army veteran Phyllis K. Johnson, through counsel, petitioned the Court for extraordinary relief in the nature of a writ of mandamus. Petitioner explains that the Board of Veterans' Appeals (Board) denied her motion to advance her appeal on the docket even though she submitted a private medical opinion saying that she's seriously ill.[1] She asks the Court to compel the Board to advance her appeal on the docket or, alternatively, explain its criteria for determining whether a claimant is "seriously ill."[2]

On July 23, 2025, the Court stayed the petition sua sponte pending the Court's mandate in *Kline v. Collins*[3] or until further order of the Court. On October 16, 2025, petitioner moved to lift the stay of proceedings. Petitioner noted that the Court has dismissed *Kline* as moot, so she contends that "the outcome . . . was not instructive to this case."[4] For that reason, even though mandate hasn't yet entered in *Kline*, petitioner asserts that there's no potential effect on the merits of this petition.[5] The Court agrees and grants petitioner's motion to lift the stay of proceedings. Yet, as explained below, the Court dismisses the petition for lack of jurisdiction.

---

[1] Petition (Pet.) at 2-3.

[2] Pet. at 1.

[3] *Kline v. Collins*, ___ Vet.App. ___, No. 25-1002, 2025 WL 2790585 (Oct. 1, 2025) (per curiam order).

[4] Petitioner's Oct. 16, 2025, Motion at 1.

[5] Petitioner's Oct. 16, 2025, Motion at 2.

# I. ANALYSIS

## A. Legal Landscape

The Court must ensure that it has jurisdiction.[6] And the Court can only act based on the authority Congress has provided to it.[7] Generally, for the Court to take jurisdiction over an appeal from the Board, the Board must've adversely decided a matter against the claimant.[8] The Court also adheres to Article III of the U.S. Constitution's case-or-controversy jurisdictional requirements[9]—meaning that there must be a live issue for the Court to review.[10]

Under the All Writs Act (AWA), the Court may issue extraordinary writs in aid of its jurisdiction.[11] The AWA, however, "'is not an independent basis of jurisdiction.'"[12] A writ is a "drastic" remedy and should be issued "only in extraordinary situations."[13] For the Court to issue a writ, three conditions are required: (1) Petitioner must show a lack of adequate alternative means to obtain the desired relief, thus ensuring that the writ isn't used to replace the appeals process; (2) petitioner must prove a clear and indisputable right to the writ; and (3) the Court must be convinced, given the circumstances, that the writ is warranted.[14] The burden of showing entitlement to a writ of mandamus rests with the petitioner.[15]

---

[6] *Demery v. Wilkie*, 30 Vet.App. 430, 434 (2019) ("The Court has an independent obligation to ensure that it has jurisdiction to act."); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006))).

[7] 38 U.S.C. § 7252.

[8] *Clark v. McDonough*, 35 Vet.App. 317, 322 (per curiam order), *aff'd sub nom. Smith v. McDonough*, No. 2022-2213, 2024 WL 981143 (Fed. Cir. Mar. 7, 2024) (nonprecedential per curiam judgment).

[9] *Cardona v. Shinseki*, 26 Vet.App. 472, 474 (2014) (per curiam order); *Mokal v. Derwinski*, 1 Vet.App. 12, 13 (1990).

[10] *Bond v. Derwinski*, 2 Vet.App. 376, 377 (1992) (per curiam) ("When there is no case or controversy, or when a once live case or controversy becomes moot, the court lacks jurisdiction.").

[11] 28 U.S.C. § 1651(a); *Love v. McDonough*, 35 Vet.App. 336, 346 (2022) (per curiam order) ("And our jurisdiction is limited to review of final Board decisions."), *aff'd*, 100 F.4th 1388 (Fed. Cir. 2024).

[12] *Love*, 35 Vet.App. at 346 (quoting *Gardner-Dickson v. Wilkie*, 33 Vet.App. 50, 55-56 (2020) (order), *aff'd per curiam sub nom. Gardner-Dickson v. McDonough*, 2021 WL 5144367 (Fed. Cir. Nov. 5, 2021) (nonprecedential R. 36 judgment)); *see Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943) ("[A] function of mandamus in aid of appellate jurisdiction is to remove obstacles to appeal. . . .").

[13] *Monk v. Wilkie*, 32 Vet.App. 87, 101 (2019) (en banc order) (quoting *Kerr v. U.S. Dist. Ct.*, 426 U.S. 394, 402 (1976)), *aff'd in part, dismissed in part sub nom. Monk v. Tran*, 843 F. App'x 275 (Fed. Cir. 2021).

[14] *See Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380-81 (2004).

[15] *Erspamer v. Derwinski*, 1 Vet.App. 3, 10-11 (1990).

B. Court's Lack of Authority to Compel the Board to Advance an Appeal on the Docket

Petitioner has a pending appeal at the Board, claiming an earlier effective date for special monthly compensation based on the need for aid and attendance.[16] She filed her Notice of Disagreement on October 16, 2024, and moved for advancement on the docket on November 11, 2024.[17] To support her motion, petitioner submitted a letter from her private physician opining that she is "seriously ill" because of her service-connected disabilities.[18] On February 4, 2025, the Board denied her motion.[19] The Board acknowledged the favorable medical evidence but noted that the Board had discretion and simply said that it was "unable to find that sufficient cause exists" to advance the case.[20]

Petitioner asserts that she's entitled to advancement on the docket and that the Board acted arbitrarily when it denied her motion.[21] She argues that she meets all the *TRAC* factors and the requirements under *Cheney* for a writ.[22] The specific relief she requests is for the Court to order VA to "immediately effectuate advancement."[23] Alternatively, she asks the Court to order the Board to explain how it adjudicates whether a claimant is seriously ill.[24] To support her petition, petitioner relies heavily on this Court's recent precedent in *Heller v. McDonough*.[25] She contends that there are many parallels between the facts of that case and her own and that she's also entitled to a writ.

But petitioner misunderstands the type of relief that *Heller* provides. The *Heller* Court didn't order the Board to advance an appeal on the docket. Indeed, the Court found that it couldn't exercise jurisdiction over the Board's denial of advancement on the docket because it wasn't an appealable final action.[26] But the Court determined that it could provide relief through a writ because the Board had unreasonably delayed action on Mr. Heller's appeal.[27] To address that delay, the Court ordered the Board to issue a decision on Mr. Heller's appeal within 30 days.[28]

---

[16] Pet. at 2-3, Exhibits C-D.

[17] Pet. at 2-3, Exhibits C-E.

[18] Pet. at 3, Exhibit E.

[19] Pet. at 3-4, Exhibit F.

[20] Pet. at Exhibit E.

[21] Pet. at 7.

[22] *See* Pet. at 6-16 (first citing *Cheney*, 542 U.S. at 380-81; and then citing *Telecomms. Rsch. & Action Ctr. v. FCC* (*TRAC*), 750 F.2d 70, 79 (D.C. Cir. 1984)).

[23] Pet. at 16.

[24] Pet. at 1.

[25] *Heller v. McDonough*, 38 Vet.App. 75 (2024) (per curiam order).

[26] *Heller*, 38 Vet.App. at 84 ("[W]e find that an [advancement on the docket] denial is not a final Board decision. . . . [and] that it can't be fixed with an appeal.").

[27] *Heller*, 38 Vet.App. at 84 (stating that since the Board's decision about advancement on the docket wasn't a final decision, "a petition continues to be the way to aid our prospective jurisdiction by compelling action unlawfully withheld or unreasonably delayed").

[28] *Heller*, 38 Vet.App. at 87.

3

Here, petitioner doesn't ask for a writ ordering the Board to decide her appeal.[29] Instead, she asks the Court to order the Board to advance her case on the docket or better explain its criteria.[30] But as explained above, the Court lacks authority to order the Board to reorder its internal docket. Yes, petitioner says that the Board has unreasonably delayed her case.[31] But as the Secretary notes,[32] even while discussing the *TRAC* factors to show unreasonable delay, petitioner focuses on discussing whether she should've been advanced on the docket.[33] Petitioner doesn't address the critical question of whether the Board unreasonably delayed issuing a decision on her appeal. Because petitioner requests relief that the Court lacks authority to provide, the Court dismisses for lack of jurisdiction.

## II. CONCLUSION

For these reasons, it is

ORDERED that petitioner's October 16, 2025, motion to lift the stay of proceedings is granted. It is also

ORDERED that the February 27, 2025, petition is DISMISSED for lack of jurisdiction.

DATED: October 31, 2025                                              BY THE COURT:

*[signature]*

SCOTT J. LAURER
Judge

Copies to:

Benjamin R. Binder, Esq.

VA General Counsel (027)

---

[29] *See generally* Pet. at 1-16.

[30] Pet. at 1, 16.

[31] Pet. at 12-16.

[32] Pet. at 3-4.

[33] Pet. at 13-14.


# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS
625 Indiana Avenue, NW, Suite 900
Washington, DC 20004-2950

Date: January 22, 2026

Mr. Jarrett B. Perlow, Clerk
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

       RE: PHYLLIS K. JOHNSON v. DOUGLAS A. COLLINS
         OUR CASE NO. 25-1621

Dear Mr. Perlow:

  Enclosed is a notice of appeal to your Court. It was filed by this Court on January 16, 2026. The judgment of this Court was entered on November 24, 2025.

  A total of 53 days elapsed between judgment and filing of the appeal. Section 7292(a), Title 38, United States Code, requires that a notice of appeal of the decision of this Court be filed within the time prescribed for appeal to the United States courts of appeals from United States district courts, which is 60 days where the United States is a party.

                TIFFANY M. WAGNER
                Clerk of the Court

                By: /s/ Shelby N. Turner
                Deputy Clerk

Enclosures:  Notice of Appeal
        Order
        Certified docket entries