No. 2026-1370

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## PHYLLIS K. JOHNSON,

*Claimant-Appellant,*

v.

## DOUGLAS A. COLLINS,
### SECRETARY OF VETERANS AFFAIRS,

*Respondent-Appellee.*

Appeal from the Court of Appeals for Veterans Claims
No. 25-1621, J. Laurer

### BRIEF OF CLAIMANT-APPELLANT
### PHYLLIS K. JOHNSON

Benjamin R. Binder
ben@binderandwatson.com
(813) 647-5371

BINDER AND WATSON
LAW GROUP
P.O. Box 47386
Tampa, FL 33646
(813) 426-8387

*Counsel for Phyllis K. Johnson*

Meaghan R. Fitzpatrick
mfitzpatrick@binderandwatson.com
(813) 647-5366

BINDER AND WATSON
LAW GROUP
P.O. Box 47386
Tampa, FL 33646
(813) 426-8387

*Co-Counsel for Phyllis K. Johnson*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 26-1370

**Short Case Caption** Johnson v. Collins

**Filing Party/Entity** Phyllis K. Johnson

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 5/22/2026

Signature: /s/ Meaghan R. Fitzpatrick

Name: Meaghan R. Fitzpatrick

**FORM 9. Certificate of Interest**                                                    Form 9 (p. 2)
                                                                                       March 2023

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. <br><br> ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. <br><br> ☑ None/Not Applicable |
| Phyllis K. Johnson | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☐    None/Not Applicable          ☐    Additional pages attached

| | | |
|---|---|---|
| Wesley A. McCauley | | |
| | | |
| | | |

**5. Related Cases.**  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐  Yes (file separate notice; see below)   ☑  No   ☐  N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  **Please do not duplicate information.**  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑    None/Not Applicable          ☐    Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# TABLE OF CONTENTS

Statement of Related Cases ........................................................................1

Jurisdictional Statement ............................................................................1

Issues on Appeal.........................................................................................2

Nature of the Case and Procedural History ............................................3

Summary of the Argument ........................................................................7

Argument ...................................................................................................9

I.   Standard of Review ..........................................................................9

II. The Veterans Court misapplied *Heller* and improperly concluded that it lacked authority to grant relief concerning advancement on the docket determintions. ...............................................................................10

III. The Veterans Court jurisdictional framework risks placing disputes concerning § 7107(b) beyond meaningful judicial review.  .................15

Conclusion................................................................................................19

# TABLE OF AUTHORITIES

## CASES

*Godsey v. Wilkie*, 31 Vet. App. 207 (2019) ...........................................13

*Heller v. McDonough*, 38 Vet. App. 75 (2024) .............................*passim*

*Irwin v. Gibson,* 572 F. App'x 974 (Fed. Cir. 2014) ...........................14

*Linville v. West,* 165 F.3d 1382 (Fed. Cir. 1999) .................................9

*Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024)………..
............................................................................................8, 17, 20

*Mayer v. Brown,* 37 F.3d 618 (Fed. Cir. 1994)...................................18

*Military-Veterans Advocacy v. Secretary of Veterans Affairs*, 7
F.4th 1110 (Fed. Cir. 2021) ............................................................17

*Monk v. Shulkin,* 855 F.3d 1312 (Fed. Cir. 2017)..............................12

*Patterson v. Brown,* 5 Vet. App. 362 (1993) ........................................ 18-19

*Prenzler v. Derwinski,* 928 F.3d 392 (Fed. Cir. 1991) ........................9

*Roche v. Evaporated Milk Ass'n*, 319 U.S. 21 (1943) ........................12

*Young v. Shinseki,* 25 Vet. App. 201 (2012) .................................13, 17

## STATUTES

38 U.S.C. § 7107(b) ..............................................................................*passim*

38 U.S.C. § 7261 ....................................................................................18

38 U.S.C. § 7292(a) ............................................................................2, 9

38 U.S.C. §7292(c) .................................................................................2

38 U.S.C. § 7292(e)(1) ...........................................................................9

## STATEMENT OF RELATED CASES

Pursuant to Fed. Cir. R. 47.5, counsel for Appellant states that there have been no prior appeals in this case before this Court. Counsel is aware of *Kline v. Collins*, No. 2026-1348, which involves overlapping questions concerning advancement on the docket determinations under 38 U.S.C. § 7107(b), the reviewability of advancement denials, and the Veterans Court's treatment of related petitions for extraordinary relief. However, this case presents distinct jurisdictional and reviewability questions concerning the Veterans Court's authority under the All Writs Act and whether disputes concerning the Board's administration of § 7107(b) may become effectively insulated from judicial review.

## JURISDICTIONAL STATEMENT

On October 31, 2025, the United States Court of Appeals for Veterans Claims ("Veterans Court") issued an order dismissing Appellant's petition for extraordinary relief for lack of jurisdiction. Appx001-004. The Veterans Court held that it lacked authority to order the Board of Veterans' Appeals ("Board") to advance Appellant's appeal on the docket or otherwise review the Board's denial of advancement

under 38 U.S.C. § 7107(b). Appx003-004. Judgment was entered on November 24, 2025, and Appellant timely appealed to this Court.

This Court has jurisdiction pursuant to 38 U.S.C. §§ 7292(a) and (c). This appeal presents legal questions concerning the scope of the Veterans Court's jurisdiction under the All Writs Act, the reviewability of advancement on the docket determinations under 38 U.S.C. § 7107(b), and the judiciary's role in interpreting undefined statutory standards. Because Appellant challenges the legal framework the Veterans Court applied in dismissing the petition for lack of jurisdiction, this Court possesses jurisdiction to review the decision.

## ISSUES ON APPEAL

I. Whether the Veterans Court misapplied *Heller v. McDonough* by treating advancement on the docket determination as categorically beyond review through petitions for extraordinary relief.

II. Whether the Veterans Court's jurisdictional framework risks placing disputes concerning the Board's administration of 38 U.S.C. § 7107(b)'s undefined "seriously ill" standard beyond meaningful judicial review altogether.

2

**NATURE OF THE CASE AND PROCEDURAL HISTORY**

This appeal arises from an October 31, 2025, order of the Veterans Court dismissing Appellant's petition for extraordinary relief for lack of jurisdiction. Appx001-004. The Veterans Court held that it lacked authority to order the Board to advance Appellant's appeal on the docket or otherwise review the Board's denial of advancement under 38 U.S.C. § 7107(b). Appx003-004.

Appellant is service-connected for adjustment disorder with mixed anxiety and depressed mood, evaluated as 100% disabling, effective June 2, 2014. Appx029-032. Since April 5, 2023, Appellant has also been deemed incompetent for VA purposes, and the VA appointed Petitioner's daughter as fiduciary to handle her VA funds. *Id.* She is also in receipt of special monthly compensation ("SMC") based on the need for aid and attendance, effective December 16, 2020. Appx030.

In October 2024, Appellant filed a Notice of Disagreement seeking an earlier effective date for SMC based on aid and attendance. Appx044. She selected the Board hearing docket. *Id.* On November 11, 2024, Appellant filed a motion requesting advancement on the Board's docket pursuant to 38 U.S.C. § 7107(b) based on serious illness. Appx046-047.

3

In support of the motion, she submitted a private medical opinion concluding that she was seriously ill due to severe medical and psychiatric impairment. Appx048.

On February 4, 2025, the Board denied the motion for advancement. Appx050-051. The Board acknowledged the favorable medical evidence but concluded that there was "insufficient evidence" warranting advancement. *Id*. The Board further explained that "seriously ill" is not defined by regulation and stated that advancement decisions involve "some measure of discretion." Appx050. The Board additionally reasoned that not all veterans with 100% ratings or conditions that clinicians would consider "serious" could be advanced on the docket. *Id*.

On February 27, 2025, Appellant filed a petition for extraordinary relief in the nature of a writ of mandamus before the Veterans Court. Appx006-051. The petition requested that the Veterans Court either direct the Board to advance her appeal on the docket or order the Board to disclose the criteria it used to determine whether a claimant is "seriously ill" under § 7107(b). Appx011, Appx016. The petition argued that the Board's refusal to disclose the governing standard rendered the

4

denial arbitrary and prevented Appellant from knowing what evidence would satisfy the statutory requirement. Appx018.

The Secretary responded by arguing that the Veterans Court lacked jurisdiction because advancement on the docket determinations are not final Board decisions reviewable by the Court. Appx055. The Secretary further argued that the Veterans Court lacked authority to compel advancement on the docket because advancement determinations are interlocutory procedural matters rather than final decisions concerning benefits. Appx056.

In reply, Appellant argued that the Secretary misunderstood *Heller* and that the Veterans Court retained authority under the All Writs Act to address advancement on the docket denials where such denials affected the Court's prospective jurisdiction. Appx061-066. Appellant further argued that if advancement determinations could neither be reviewed through direct appeal nor through petitions for extraordinary relief, then the Board's interpretation of the undefined "seriously ill" standard would become effectively insulated from judicial review altogether. Appx065-066.

While the petition remained pending, the Veterans Court stayed proceedings pending disposition of *Kline v. Collins*, a separate case involving another advancement on the docket issue. Appx069-070. After *Kline* was dismissed as moot by the Veterans Court, Appellant moved to lift the stay and requested adjudication of her petition on the merits. Appx071-073.

On October 31, 2025, the Veterans Court lifted the stay but then dismissed the petition for lack of jurisdiction. Appx001-004. The Veterans Court acknowledged that advancement on the docket denials are not final Board decisions and concluded that it lacked authority to order the Board to advance Appellant's appeal on the docket. Appx003-004. Although the Veterans Court recognized that *Heller* permitted relief in circumstances involving unreasonable delay in issuance of a Board decision, they nevertheless concluded that Appellant had requested only advancement on the docket itself rather than a writ compelling issuance of a Board decision. Appx003-004. The Veterans Court therefore dismissed the petition in its entirety for lack of jurisdiction. Appx004.

## SUMMARY OF THE ARGUMENT

The Veterans Court misapplied *Heller v. McDonough* and improperly narrowed the scope of relief available under the All Writs Act. *Heller* did not hold that advancement on the docket disputes are categorically beyond judicial review. To the contrary, *Heller* recognized that petitions for extraordinary relief remain the mechanism through which the Veterans Court may protect its prospective jurisdiction in cases involving advancement on the docket denials. *See Heller v. McDonough*, 38 Vet. App. 75, 82 (2024). The Veterans Court nevertheless interpreted *Heller* to permit relief only in the form of orders compelling final Board action while excluding relief directed toward the Board's administration of the statutory advancement mechanism Congress created under § 7107(b).

That distinction improperly separates advancement on the docket relief from the broader question of delay in adjudicating the underlying appeal. Congress enacted § 7107(b) specifically to permit expedited Board review for seriously ill claimants and those facing severe hardship. By narrowing the scope of relief available under the All Writs Act in this

7

context, the Veterans Court substantially limited the practical effectiveness of the statutory advancement mechanism Congress created.

The Veterans Court's framework also raises significant reviewability concerns. Advancement on the docket determinations are generally not independently appealable final Board decisions, yet under the Veterans Court's reasoning, meaningful relief directed toward the Board's administration of § 7107(b) is likewise unavailable through petitions for extraordinary relief. If disputes concerning § 7107(b) are neither reviewable through ordinary appeals nor meaningfully reviewable through petitions seeking extraordinary relief, then the Board's administration of the undefined "seriously ill" standard risks becoming effectively insulated from judicial review altogether.

That concern is especially significant because courts, not agencies, ultimately interpret statutes. *See Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 413 (2024). Yet neither Congress nor VA has defined "seriously ill," while the Board continues applying individualized and discretionary advancement determinations without articulated standards or meaningful judicial interpretation. Nothing in § 7107(b) suggests Congress intended disputes concerning advancement

determinations to become effectively insulated from meaningful judicial review.

Because the Veterans Court adopted an unduly narrow interpretation of its authority under the All Writs Act and misapplied *Heller*, this Court should vacate the decision below and remand for further proceedings.

## ARGUMENT

### 1. Standard of Review

This Court shall decide "the validity of a decision of the Court on a rule of law or of any statute or regulation … or any interpretation thereof … that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a); *see also Linville v. West*, 165 F.3d 1382 (Fed. Cir. 1999) (Finding jurisdiction even where appellant raised specific legal arguments and the Veterans Court "rejected them without comment"). This Court reviews legal determinations of the Veterans Court de novo. *Prenzler v. Derwinski*, 928 F.3d 392, 393 (Fed. Cir. 1991). If the decision of the Veterans Court is not in accordance of the law, this court has authority to modify, reverse, or remand the case as appropriate. 38 U.S.C. § 7292(e)(1).

Here, Appellant challenges the legal framework the Veterans Court applied in concluding that it lacked authority to grant relief concerning advancement on the docket determinations under 38 U.S.C. § 7107(b). Specifically, Appellant contends that the Veterans Court improperly interpreted *Heller v. McDonough* and adopted an unduly restrictive understanding of its authority under the All Writs Act. Because this appeal concerns pure questions of law regarding jurisdiction, statutory interpretation, and the scope of judicial review, review is de novo.

## 2. The Veterans Court misapplied *Heller* and improperly concluded that it lacked authority to grant relief concerning advancement on the docket determinations.

The Veterans Court concluded that it lacked authority to grant relief because Appellant requested advancement on the docket itself rather than an order compelling issuance of a Board decision. Appx003-004. In doing so, the Veterans Court interpreted *Heller* as permitting relief compelling issuance of a Board decision while excluding relief directed at advancement on the docket determinations themselves under 38 U.S.C. § 7107(b). Appx003-004. That interpretation misreads *Heller* and improperly narrows the scope of the Veterans Court's authority under the All Writs Act.

The Court in *Heller* did not conclude that advancement disputes are categorically beyond judicial review. To the contrary, *Heller* expressly recognized that because advancement on the docket denials are not final Board decisions, "a petition continues to be the way to aid our prospective jurisdiction by compelling action unlawfully withheld or unreasonably delayed." *Heller*, 38 Vet. App. at 84.

That principle is critical here. Appellant did not merely disagree with an ordinary interlocutory procedural ruling. Rather, she alleged that the Board unlawfully withheld a statutory procedural benefit expressly created by Congress while simultaneously refusing to disclose the standard governing eligibility for that benefit. Specifically, Appellant argued that the Board denied advancement despite competent medical evidence establishing that she was seriously ill and further refused to articulate what criteria governed the Board's determination. Appx017-021, Appx064-066. The petition, therefore, concerned whether the Board's administration of § 7107(b) unlawfully withheld relief and frustrated meaningful review of Appellant's pending appeal.

The Veterans Court nevertheless interpreted *Heller* to mean that it lacked authority to provide any relief, because it lacked the power to

11

order the Board to reorder its internal docket. Appx004. But *Heller* did not hold that advancement disputes fall entirely outside the scope of the All Writs Act. Instead, *Heller* recognized that petitions for extraordinary relief remain the mechanism through which the Veterans Court may protect its prospective jurisdiction in this context. 38 Vet. App. at 84. The Veterans Court erroneously transformed *Heller's* recognition that advancement denials are not directly appealable into a categorical jurisdictional prohibition against meaningful review altogether.

That interpretation is inconsistent with the purpose of the All Writs Act itself. The All Writs Act exists to permit courts to protect their prospective jurisdiction and remove obstacles that may frustrate meaningful judicial review. *See Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943). As this Court has recognized, the Veterans Court may issue writs in aid of its prospective jurisdiction where agency action unlawfully withholds or unreasonably delays matters that may ultimately reach the appellate process. *See Monk v. Shulkin*, 855 F.3d 1312, 1318 (Fed. Cir. 2017) (finding that the Court, under the All Writs Act, can "order[] the Board to issue a final determination in a case where it had not already done so").

12

Indeed, the Veterans Court itself has exercised such authority in analogous procedural contexts. In *Godsey v. Wilkie*, the Veterans Court ordered VA to take specific procedural actions necessary to move delayed appeals toward Board review. 31 Vet. App. 207, 230-231 (2019) (Ordering "the Secretary to conduct pre-certification review of all cases that fit within the class definition, and for each class member, within 120 days after the date of this order, either (1) certify his or her case, or (2) affirmatively initiate any development or adjudication activities necessary for certification or resolution at the RO"). The Court recognized that the All Writs Act permits relief addressing procedural obstacles affecting the Court's future jurisdiction. *Id*. The same principle applies here. Appellant alleged that the Board's refusal to properly administer § 7107(b) unlawfully withheld a statutory procedural benefit and impaired meaningful review of her appeal.

Appellant did not merely seek review of an ordinary interlocutory procedural ruling in the abstract. Rather, Appellant challenged the Board's denial of advancement under 38 U.S.C. § 7107(b) and the Board's refusal to disclose the standard governing eligibility for that relief. Appx006-051, Appx060,068. The petition, therefore, raised questions

concerning the Board's administration of a statutory advancement mechanism created by Congress and whether such disputes may be meaningfully reviewed through the All Writs Act.

Congress expressly authorized advancement on the docket for seriously ill claimants and those facing severe hardship. 38 U.S.C. § 7107(b). The Veterans Court's interpretation of *Heller* improperly narrows the scope of relief available under the All Writs Act in disputes involving the administration of that statutory mechanism.

The Veterans Court's conclusion that it lacked authority to grant relief affecting the Board's docket administration is also difficult to reconcile with this Court's own findings. In *Irwin v. Gibson*, the Federal Circuit directed that the claimant's pending appeal retain its original Board docket number and receive expeditious treatment on remand. 572 F. App'x 974, 977 (Fed. Cir. 2014) (instructing the "Veterans Court [to] remand to the Board with instructions to assign Mr. Irwin's pending TDIU appeal its original docket number and to consider the appeal expeditiously").[1] In doing so, the Federal Circuit plainly recognized that

---

[1] Although *Irwin* is nonprecedential and therefore not binding, its reasoning is nevertheless persuasive because it reflects this Court's recognition that

14

courts possess authority to direct relief affecting the timing, prioritization, and procedural handling of Board adjudication when necessary to remedy legal error and protect meaningful review. Thus, contrary to the Veterans Court's reasoning here, relief implicating the Board's internal docket administration is not categorically beyond judicial authority merely because it affects how the Board sequences or prioritizes appeals. Rather, *Irwin* demonstrates that courts may direct procedural relief affecting Board docket treatment where necessary to ensure that statutory rights and meaningful judicial review are preserved.

Moreover, the Veterans Court's interpretation creates substantial practical tension within *Heller* itself. If advancement on the docket determinations are not reviewable through direct appeal because they are not final Board decisions, yet relief directed toward the administration of § 7107(b) is also categorically unavailable under the All Writs Act, then disputes concerning the Board's administration of the advancement statute may evade meaningful judicial review altogether.

---

judicial relief may appropriately affect Board docket treatment and adjudicatory sequencing where necessary to preserve meaningful review.

15

Nothing in *Heller* compels that result. In sum, because the Veterans Court misapplied *Heller* and improperly narrowed its authority under the All Writs Act, vacatur and remand are warranted.

**3. The Veterans Court's jurisdictional framework risks placing disputes concerning § 7107(b) beyond meaningful judicial review**.

The Veterans Court's jurisdictional framework creates a substantial risk that no court will ever meaningfully review or interpret 38 U.S.C. § 7107(b)'s undefined "seriously ill" standard at all. The Board itself acknowledged in this case that "seriously ill" is not defined by statute or regulation and that advancement determinations involve "some measure of discretion." Appx050. Yet despite the absence of any articulated regulatory standard, precedential interpretation, or publicly disclosed criteria governing advancement on the docket determinations, the Board continues to make individualized advancement determinations under § 7107(b).

The practical consequence of the Veterans Court's framework is that no court may ever meaningfully interpret § 7107(b)'s undefined "seriously ill" standard at all. Advancement on the docket determinations are generally not independently appealable final Board decisions, yet

16

under the Veterans Court's approach, recurring petitions concerning those determinations may likewise repeatedly fail before courts can resolve the underlying statutory question. If disputes concerning § 7107(b) are neither reviewable through ordinary appeals nor meaningfully reviewable through petitions seeking extraordinary relief, then the statute risks becoming effectively insulated from judicial review altogether.

That result is difficult to reconcile with both the judiciary's interpretive role and the longstanding presumption favoring judicial review of statutory questions. *See Loper Bright Enterprises, 603 U.S. at 412-13* ("Courts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority"). Congress plainly knows how to limit or preclude judicial review when it intends to do so. *See Military-Veterans Advocacy v. Secretary of Veterans Affairs*, 7 F.4th 1110, 1144 (Fed. Cir. 2021) ("Congress knew how to bar two simultaneous forms of review but chose to only bar concurrent lanes of administrative review"). Yet nothing in § 7107(b) suggests Congress intended disputes concerning advancement determinations to become effectively unreviewable in every procedural posture. The Veterans

Court's restrictive jurisdictional framework nevertheless risks producing precisely that result.

This Court has also held that "[a]n action by the chairman is not a decision of the board" and that such is not independently appealable, without a final Board decision to attach to. *Mayer v. Brown*, 37 F.3d 618, 619 (Fed. Cir. 1994). However, when a final Board decision exists then the Court may have jurisdiction over non-traditional issues: "[38 U.S.C. §] 7261 may allow the CVA to review actions of the Chairman in cases where it already has jurisdiction by virtue of a timely appeal from a final board decision, it does not independently grant jurisdiction over such actions." *Id.* at 620. This concept has been applied multiple times by the Veterans Court. For example, in *Patterson v. Brown*, the Veterans Court found that it may exercise jurisdiction over a Board's ruling on a reconsideration motion when it had jurisdiction over the final Board decision subject to the reconsideration. 5 Vet. App. 362 (1993); *see Mayer*, 37 F.3d at 620 ("[I]n *Patterson* the CVA had jurisdiction to review the veteran's underlying appeal. The veteran had timely appealed a decision by a board section. The CVA stayed the appeal while the veteran sought reconsideration. When the Chairman denied reconsideration, the veteran

asked the CVA to review that decision, and the court lifted its stay, decided it had jurisdiction."). Similarly, in *Young v. Shinseki*, the Veterans Court exercised jurisdiction over a "referred" claim when reviewing the Board's adjudication of a denial: "Because the Court has jurisdiction over the Board decision denying a part of the claim for benefits for a mental disability, the Court has the authority to 'decide all relevant questions of law' that arise with regard to the denied claim, including the propriety of referring, rather than remanding, another part of that claim to the RO." 25 Vet. App. 201, 202-03 (2012). These cases demonstrate that the Veterans Court's jurisdiction over an appeal are limited to those within the scope of a final Board decision. In this case, a petition is the proper method to resolve the Board's failure to disclose the standard used for "seriously ill" as there is no final Board decision and the failure to disclose the standard inherently delays Appellant's claims as she may meet the standard for "seriously ill" but is being prevented from submitting evidence supporting that standard because the Board does not disclose it.

Again, it is not the Board's responsibility to define the statutory term, and such responsibility falls on Federal Courts: "Courts must

19

exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the APA requires." *See Loper Bright Enters.*, 603 U.S. at 412. The only way to have this term judicially defined is through a petition as such an issue would become moot after the adjudication of the claim by the Board. Thus, this petition is the proper method to have such term defined so that Appellant can submit evidence to have her case advanced.

The concern is not hypothetical. In this case, the Board acknowledged that the governing "seriously ill" standard remains undefined while simultaneously exercising discretionary judgment concerning which claimants qualify for advancement. Appx050. Appellant argued that the Board denied advancement despite competent medical evidence indicating that she was seriously ill while refusing to disclose what criteria governed its determination. Appx016-026. But under the Veterans Court's reasoning, no court may meaningfully review that dispute through either direct appeal or a petition for extraordinary relief. The practical result is that the Board may continue applying an undefined statutory phrase without meaningful judicial interpretation or oversight.

That concern is especially significant because different adjudicators may reasonably apply materially different understandings of what constitutes a "serious illness," including whether the phrase requires terminal illness, debilitating illness, severe functional impairment, or some other threshold entirely via their own discretion or sympathies. Yet under the Veterans Court's framework, courts may never meaningfully reach the underlying statutory question at all. The judiciary's role in interpreting statutes cannot meaningfully exist if recurring disputes concerning statutory administration are functionally insulated from judicial review in every procedural posture.

Appellant does not ask this Court to define "seriously ill" in the first instance. Rather, Appellant submits that the Veterans Court adopted an unduly restrictive jurisdictional framework that risks preventing courts from ever meaningfully reviewing recurring disputes concerning the administration of § 7107(b). Because the Veterans Court improperly narrowed its authority, vacatur and remand are warranted.

## CONCLUSION

The Veterans Court improperly narrowed the scope of relief available under the All Writs Act by interpreting *Heller v. McDonough* to exclude meaningful relief directed toward the Board's administration of advancement on the docket determinations under 38 U.S.C. § 7107(b). In doing so, the Veterans Court adopted a jurisdictional framework that risks preventing meaningful judicial review of disputes concerning the Board's application of § 7107(b)'s undefined "seriously ill" standard.

Because the Veterans Court applied an incorrect legal framework in dismissing Appellant's petition for lack of jurisdiction, Appellant respectfully requests that this Court vacate the Veterans Court's October 31, 2025, order and remand for further proceedings consistent with the proper interpretation of the All Writs Act and the Veterans Court's prospective jurisdiction.

Respectfully submitted,

/s/ Benjamin R. Binder
Benjamin R. Binder, Esq.
Counsel for Claimant-Appellant
P.O. Box 47386
Tampa, FL 33646
Telephone: (813) 647-5371


/s/ Meaghan R. Fitzpatrick
Meaghan R. Fitzpatrick, Esq.
Co- Counsel for Claimant-
Appellant
P.O. Box 47386
Tampa, FL 33646
Telephone: (813) 647-5366

## SERVICE CERTIFICATE

I hereby certify that the Opening Brief in 2026-1370, *Johnson v. Collins*, was served on counsel by electronic service, under the Court's CM/ECF system, on May 22, 2026.

## COMPLIANCE CERTIFICATE

1. This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B). The brief contains 3,745 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii) and Federal Circuit Rule 32(b).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6). The brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook typestyle.

Submitted,
*/s/ Benjamin R. Binder*
Benjamin R. Binder, Esq.
Counsel for Claimant-Appellant
P.O. Box 47386
Tampa, FL 33646
Telephone: (813) 647-5371

*/s/ Meaghan R. Fitzpatrick*
Meaghan R. Fitzpatrick, Esq.
Co-Counsel for Claimant-Appellant
P.O. Box 47386
Tampa, FL 33646
Telephone: (813) 647-5366

*Designated for electronic publication only*

## UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 25-1621

PHYLLIS K. JOHNSON, PETITIONER,

V.

DOUGLAS A. COLLINS,
SECRETARY OF VETERANS AFFAIRS, RESPONDENT.

Before LAURER, *Judge*.

### O R D E R

*Note: Under U.S. Vet. App. R. 30(a),*
*this action may not be cited as precedent.*

On February 27, 2025, U.S. Army veteran Phyllis K. Johnson, through counsel, petitioned the Court for extraordinary relief in the nature of a writ of mandamus. Petitioner explains that the Board of Veterans' Appeals (Board) denied her motion to advance her appeal on the docket even though she submitted a private medical opinion saying that she's seriously ill.[1] She asks the Court to compel the Board to advance her appeal on the docket or, alternatively, explain its criteria for determining whether a claimant is "seriously ill."[2]

On July 23, 2025, the Court stayed the petition sua sponte pending the Court's mandate in *Kline v. Collins*[3] or until further order of the Court. On October 16, 2025, petitioner moved to lift the stay of proceedings. Petitioner noted that the Court has dismissed *Kline* as moot, so she contends that "the outcome . . . was not instructive to this case."[4] For that reason, even though mandate hasn't yet entered in *Kline*, petitioner asserts that there's no potential effect on the merits of this petition.[5] The Court agrees and grants petitioner's motion to lift the stay of proceedings. Yet, as explained below, the Court dismisses the petition for lack of jurisdiction.

---

[1] Petition (Pet.) at 2-3.

[2] Pet. at 1.

[3] *Kline v. Collins*, ___ Vet.App. ___, No. 25-1002, 2025 WL 2790585 (Oct. 1, 2025) (per curiam order).

[4] Petitioner's Oct. 16, 2025, Motion at 1.

[5] Petitioner's Oct. 16, 2025, Motion at 2.

Appx001

# I. ANALYSIS

## A. Legal Landscape

The Court must ensure that it has jurisdiction.[6] And the Court can only act based on the authority Congress has provided to it.[7] Generally, for the Court to take jurisdiction over an appeal from the Board, the Board must've adversely decided a matter against the claimant.[8] The Court also adheres to Article III of the U.S. Constitution's case-or-controversy jurisdictional requirements[9]—meaning that there must be a live issue for the Court to review.[10]

Under the All Writs Act (AWA), the Court may issue extraordinary writs in aid of its jurisdiction.[11] The AWA, however, "'is not an independent basis of jurisdiction.'"[12] A writ is a "drastic" remedy and should be issued "only in extraordinary situations."[13] For the Court to issue a writ, three conditions are required: (1) Petitioner must show a lack of adequate alternative means to obtain the desired relief, thus ensuring that the writ isn't used to replace the appeals process; (2) petitioner must prove a clear and indisputable right to the writ; and (3) the Court must be convinced, given the circumstances, that the writ is warranted.[14] The burden of showing entitlement to a writ of mandamus rests with the petitioner.[15]

---

[6] *Demery v. Wilkie*, 30 Vet.App. 430, 434 (2019) ("The Court has an independent obligation to ensure that it has jurisdiction to act."); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006))).

[7] 38 U.S.C. § 7252.

[8] *Clark v. McDonough*, 35 Vet.App. 317, 322 (per curiam order), *aff'd sub nom. Smith v. McDonough*, No. 2022-2213, 2024 WL 981143 (Fed. Cir. Mar. 7, 2024) (nonprecedential per curiam judgment).

[9] *Cardona v. Shinseki*, 26 Vet.App. 472, 474 (2014) (per curiam order); *Mokal v. Derwinski*, 1 Vet.App. 12, 13 (1990).

[10] *Bond v. Derwinski*, 2 Vet.App. 376, 377 (1992) (per curiam) ("When there is no case or controversy, or when a once live case or controversy becomes moot, the court lacks jurisdiction.").

[11] 28 U.S.C. § 1651(a); *Love v. McDonough*, 35 Vet.App. 336, 346 (2022) (per curiam order) ("And our jurisdiction is limited to review of final Board decisions."), *aff'd*, 100 F.4th 1388 (Fed. Cir. 2024).

[12] *Love*, 35 Vet.App. at 346 (quoting *Gardner-Dickson v. Wilkie*, 33 Vet.App. 50, 55-56 (2020) (order), *aff'd per curiam sub nom. Gardner-Dickson v. McDonough*, 2021 WL 5144367 (Fed. Cir. Nov. 5, 2021) (nonprecedential R. 36 judgment)); *see Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943) ("[A] function of mandamus in aid of appellate jurisdiction is to remove obstacles to appeal . . . .").

[13] *Monk v. Wilkie*, 32 Vet.App. 87, 101 (2019) (en banc order) (quoting *Kerr v. U.S. Dist. Ct.*, 426 U.S. 394, 402 (1976)), *aff'd in part, dismissed in part sub nom. Monk v. Tran*, 843 F. App'x 275 (Fed. Cir. 2021).

[14] *See Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380-81 (2004).

[15] *Erspamer v. Derwinski*, 1 Vet.App. 3, 10-11 (1990).

2

B. Court's Lack of Authority to Compel the Board to Advance an Appeal on the Docket

Petitioner has a pending appeal at the Board, claiming an earlier effective date for special monthly compensation based on the need for aid and attendance.[16] She filed her Notice of Disagreement on October 16, 2024, and moved for advancement on the docket on November 11, 2024.[17] To support her motion, petitioner submitted a letter from her private physician opining that she is "seriously ill" because of her service-connected disabilities.[18] On February 4, 2025, the Board denied her motion.[19] The Board acknowledged the favorable medical evidence but noted that the Board had discretion and simply said that it was "unable to find that sufficient cause exists" to advance the case.[20]

Petitioner asserts that she's entitled to advancement on the docket and that the Board acted arbitrarily when it denied her motion.[21] She argues that she meets all the *TRAC* factors and the requirements under *Cheney* for a writ.[22] The specific relief she requests is for the Court to order VA to "immediately effectuate advancement."[23] Alternatively, she asks the Court to order the Board to explain how it adjudicates whether a claimant is seriously ill.[24] To support her petition, petitioner relies heavily on this Court's recent precedent in *Heller v. McDonough*.[25] She contends that there are many parallels between the facts of that case and her own and that she's also entitled to a writ.

But petitioner misunderstands the type of relief that *Heller* provides. The *Heller* Court didn't order the Board to advance an appeal on the docket. Indeed, the Court found that it couldn't exercise jurisdiction over the Board's denial of advancement on the docket because it wasn't an appealable final action.[26] But the Court determined that it could provide relief through a writ because the Board had unreasonably delayed action on Mr. Heller's appeal.[27] To address that delay, the Court ordered the Board to issue a decision on Mr. Heller's appeal within 30 days.[28]

---

[16] Pet. at 2-3, Exhibits C-D.

[17] Pet. at 2-3, Exhibits C-E.

[18] Pet. at 3, Exhibit E.

[19] Pet. at 3-4, Exhibit F.

[20] Pet. at Exhibit E.

[21] Pet. at 7.

[22] *See* Pet. at 6-16 (first citing *Cheney*, 542 U.S. at 380-81; and then citing *Telecomms. Rsch. & Action Ctr. v. FCC* (*TRAC*), 750 F.2d 70, 79 (D.C. Cir. 1984)).

[23] Pet. at 16.

[24] Pet. at 1.

[25] *Heller v. McDonough*, 38 Vet.App. 75 (2024) (per curiam order).

[26] *Heller*, 38 Vet.App. at 84 ("[W]e find that an [advancement on the docket] denial is not a final Board decision. . . . [and] that it can't be fixed with an appeal.").

[27] *Heller*, 38 Vet.App. at 84 (stating that since the Board's decision about advancement on the docket wasn't a final decision, "a petition continues to be the way to aid our prospective jurisdiction by compelling action unlawfully withheld or unreasonably delayed").

[28] *Heller*, 38 Vet.App. at 87.

3

Appx003

Here, petitioner doesn't ask for a writ ordering the Board to decide her appeal.[29] Instead, she asks the Court to order the Board to advance her case on the docket or better explain its criteria.[30] But as explained above, the Court lacks authority to order the Board to reorder its internal docket. Yes, petitioner says that the Board has unreasonably delayed her case.[31] But as the Secretary notes,[32] even while discussing the *TRAC* factors to show unreasonable delay, petitioner focuses on discussing whether she should've been advanced on the docket.[33] Petitioner doesn't address the critical question of whether the Board unreasonably delayed issuing a decision on her appeal. Because petitioner requests relief that the Court lacks authority to provide, the Court dismisses for lack of jurisdiction.

## II. CONCLUSION

For these reasons, it is

ORDERED that petitioner's October 16, 2025, motion to lift the stay of proceedings is granted. It is also

ORDERED that the February 27, 2025, petition is DISMISSED for lack of jurisdiction.

DATED: October 31, 2025                                      BY THE COURT:

SCOTT J. LAURER
Judge

Copies to:

Benjamin R. Binder, Esq.

VA General Counsel (027)

---

[29] *See generally* Pet. at 1-16.

[30] Pet. at 1, 16.

[31] Pet. at 12-16.

[32] Pet. at 3-4.

[33] Pet. at 13-14.

4

Appx004

*Not Published*

# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No: 25-1621

PHYLLIS K. JOHNSON, PETITIONER,

V.

DOUGLAS A. COLLINS,
SECRETARY OF VETERANS AFFAIRS, RESPONDENT.

## JUDGMENT

The Court has issued a decision in this case. The time allowed for motions under Rule 35 of the Court's Rules of Practice and Procedure has expired.

Under Rule 36, judgment is entered and effective this date.

Dated: November 24, 2025

FOR THE COURT:

TIFFANY M. WAGNER
Clerk of the Court

By: /s/ Shelby N. Turner
Deputy Clerk

Copies to:

Benjamin R. Binder, Esq.

VA General Counsel (027)

Appx005