**No. 2026-1370**

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

———————————

PHYLLIS K. JOHNSON,

Claimant-Appellant,

v.

DOUGLAS A. COLLINS,
Secretary of Veterans Affairs,

Respondent-Appellee.

———————————

On Appeal from the Court of Appeals for Veterans Claims in Case No. 25-1621,
Judge Laurer

———————————

## RESPONDENT-APPELLEE'S BRIEF

———————————

BRETT A. SHUMATE
*Assistant Attorney General*

PATRICIA M. MCCARTHY
*Director*

*Of Counsel:*

MARTIN F. HOCKEY, JR.
*Deputy Director*

JONATHAN KRISCH
*Senior Attorney*
*U.S. Department of Veterans Affairs*

OLIVER MCDONALD
*Trial Attorney, Commercial Litigation Branch*
*Civil Division, U.S. Department of Justice*
*P.O. Box 480, Ben Franklin Station*
*Washington, DC 20044*
*(202) 305-0168*

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................. 1

STATEMENT OF THE ISSUE ........................................................................ 1

STATEMENT OF JURISDICTION ................................................................ 1

STATEMENT OF THE CASE ........................................................................ 2

I.   Statutory Background ............................................................................ 2

II.  Factual Background ............................................................................... 3

     A.   Ms. Johnson Requests Advancement Of Her Board Appeal ................... 3

     B.   Ms. Johnson Files A Mandamus Petition At The Veterans Court ........... 4

SUMMARY OF ARGUMENT ......................................................................... 5

ARGUMENT ...................................................................................................... 5

I.   Standard of Review ................................................................................ 5

II.  The Veterans Court Correctly Found That Ms. Johnson Could Not Use
     A Petition To Obtain Direct Review Of An Interlocutory Advancement
     Determination ........................................................................................ 6

     A.   The Veterans Court Did Not Misapply *Heller* Or Otherwise Err ............. 8

     B.   Ms. Johnson's Concern Regarding The Reviewability Of The
          Term "Seriously Ill" In § 7107(b) Is Immaterial And Meritless .............. 13

CONCLUSION .................................................................................................. 16

# TABLE OF AUTHORITIES

**<u>CASES</u>**                                                                                                    **<u>PAGE(S)</u>**

*Bailey v. West*,
  160 F.3d 1360 (Fed. Cir. 1998) ....................................................................... 7

*Bankers Life & Cas. Co. v. Holland*,
  346 U.S. 379 (1953) ................................................................................10, 12

*Beasley v. Shinseki*,
  709 F.3d 1154 (Fed. Cir. 2013) ....................................................................... 6

*Cohens v. Shulkin,*
  684 F. App'x 957 (Fed. Cir. 2017) .................................................................. 7

*Conway v. Principi,*
  353 F.3d 1369 (Fed. Cir. 2004) ....................................................................... 6

*Erspamer v. Derwinski,*
  1 Vet. App. 3 (1991) ................................................................................10, 12

*Feliciano v. Dep't of Transportation*,
  605 U.S. 38 (2025) ......................................................................................... 14

*Haralson v. Peake*,
  315 Fed. App'x 258 (Fed. Cir. 2008) ............................................................ 14

*Heller v. McDonough,*
  38 Vet. App. 75 (2024) ........................................................................... passim

*Irwin v. Gibson*,
  572 F. App'x 974 (Fed. Cir. 2014) ................................................................ 12

*Kirkpatrick v. Nicholson*,
  417 F.3d 1361 (Fed. Cir. 2005) ....................................................................... 7

*Maggitt v. West*,
  202 F.3d 1370 (Fed. Cir. 2000) ...............................................................2, 7, 14

*Martin v. O'Rourke,*
  891 F.3d 1338 (Fed. Cir. 2018) ................................................................. 10

*Mayer v. Brown,*
  37 F.3d 618 (Fed. Cir. 1994) ................................................................. 7, 15

*Murphy v. Smith,*
  583 U.S. 220 (2018) ................................................................................ 14

*Palmer v. Shinseki,*
  360 F. App'x 141 (Fed. Cir. 2010) ............................................................ 7

*Platt v. 3M,*
  376 U.S. 240 (1964) ............................................................................ 10, 12

*Prenzler v. Derwinski,*
  928 F.2d 392 (Fed. Cir. 1991) .................................................................... 6

*Tyrues v. Shinseki,*
  732 F.3d 1351 (Fed. Cir. 2013) .................................................................. 7

*Wanless v. Shinseki,*
  618 F.3d 1333 (Fed. Cir. 2010) .................................................................. 5

## STATUTES

38 U.S.C. §
  502 ................................................................................................... 14
  7107(a)(4) ........................................................................................... 2
  7107(b) ......................................................................................... passim
  7107(b)(3)(B) ................................................................................ passim
  7252(a) .......................................................................................... passim
  7261(a) ........................................................................................ 13, 15
  7261(a)(2) .......................................................................................... 10
  7261(a)(3) .......................................................................................... 15
  7261(b) .............................................................................................. 15
  7266(a) ............................................................................................ 2, 6
  7292(a) ............................................................................................ 1, 5
  7292(c) ................................................................................................ 6
  7292(d)(1) ............................................................................................ 6
  7292(d)(2) ........................................................................................ 2, 6

## **REGULATIONS**

38 C.F.R. §

  20.3(e)........................................................................................................ 12

  20.800(c)(1)................................................................................................... 3

  20.800(c)(3)..............................................................................................3, 15

## STATEMENT OF RELATED CASES

No other appeal in or from the present civil action has previously been before this or any other appellate court.  The government is not aware of any related cases within the meaning of Federal Circuit Rule 47.5(b).  We do not consider *Kline v. Collins,* Fed. Cir. No. 26-1348, a related case because the only issue in that case involves the inherently transitory exception to mootness, which is not relevant here because no party has argued mootness.

**INTRODUCTION**

In 2024, veteran Phyllis Johnson filed a motion to advance her appeal on the Board of Veterans' Appeals (board) docket. When her motion was denied by the Senior Deputy Vice Chairman (SDVC) of the board, she petitioned the U.S. Court of Appeals for Veterans Claims (Veterans Court) for a writ of mandamus compelling the board to grant advancement of her appeal. In essence, she asked the court to review the merits of her motion, overrule the SDVC's denial, and find her entitled to advancement.

The Veterans Court correctly rejected her attempt to obtain direct merits review of an interlocutory determination via a petition. Congress explicitly limited the Veterans Court's jurisdiction to final board decisions, 38 U.S.C. § 7252(a); claimants cannot use a petition to circumvent that statutory authority and obtain direct review of interlocutory determinations. Accordingly, this Court should affirm the Veterans Court's decision.

**STATEMENT OF THE ISSUE**

Whether claimants may use a petition for a writ of mandamus to circumvent 38 U.S.C. § 7252(a) and obtain Veterans Court direct review of an interlocutory board determination.

**STATEMENT OF JURISDICTION**

Ms. Johnson timely noticed this appeal from a final judgment of the Veterans Court. Pursuant to 38 U.S.C. § 7292(a), this Court possesses jurisdiction to review the

1

decision of the Veterans Court with respect to a rule of law.  However, this Court may not review any factual determinations or applications of law to the facts of a particular case (except to the extent that the appeal presents a constitutional issue).  38 U.S.C. § 7292(d)(2).

## STATEMENT OF THE CASE

### I.    Statutory Background

Section 7252(a) of title 38, United States Code, affords the Veterans Court jurisdiction "to review decisions of the [b]oard."  Moreover, pursuant to 38 U.S.C. § 7266(a), claimants may appeal "a final decision of the [b]oard" to the Veterans Court.  For purposes of these statutes, a decision of the board is "the decision with respect to the benefit sought by the veteran:  those benefits are either granted . . . or they are denied." *Maggitt v. West*, 202 F.3d 1370, 1376 (Fed. Cir. 2000).

As a separate matter, 38 U.S.C. § 7107(a)(4) states that, "[e]xcept as provided in subsection (b), each case before the [b]oard will be decided in regular order according to its respective place on the docket."  Subsection (b)(1) provides that "[a] case on one of the dockets of the [b]oard . . . may, for cause shown, be advanced on motion for earlier consideration and determination."  Subsection (b)(3) states that

> [s]uch a motion may be granted only—
> (A) if the case involves interpretation of law of general application affecting other claims;
> (B) if the appellant is seriously ill or is under severe financial hardship; or
> (C) for other sufficient cause shown.

2

*See also* 38 C.F.R. § 20.800(c)(1).  If a motion for advancement is received before the claimant's appeal has been assigned to a board member (Veterans Law Judge) for a decision, the motion will be adjudicated by the board's Vice Chairman or his or her delegate.  38 C.F.R. § 20.800(c)(3).

## II.    Factual Background

### A.    Ms. Johnson Requests Advancement Of Her Board Appeal

Ms. Johnson served in the U.S. Army from 1978 to 1979.  Appx29.[1]  She currently has a 100% rating for her service-connected disabilities.  Appx40.  In July 2024, the Department of Veterans Affairs (VA) granted her special monthly compensation, effective December 2020.  Appx40.  In October 2024, she appealed that assigned effective date to the board.  Appx44.

In November 2024, Ms. Johnson filed a motion for advancement on the board's docket.  Appx46-48.  She provided argument and one medical opinion in support of the notion that she is seriously ill.  *Id.*; *see* 38 U.S.C. § 7107(b)(3)(B) (permitting advancement "if the appellant is seriously ill").  In February 2025, the SDVC of the board denied her motion, Appx50-51, finding "insufficient evidence to show that advancement of your appeal is warranted."  Appx50.  The SDVC noted that Ms. Johnson was not terminally ill, did not have a markedly shortened life expectancy, and her medical condition was stable.  *Id.*  In order for advancement to be

---

[1] "Appx" refers to the joint appendix that will be filed in this case.

meaningful, the SDVC explained, it cannot be granted for every veteran with a 100%

rating or a condition that one clinician deems "serious." *Id.* The SDVC did, however,

express a willingness to consider a new motion for advancement with "new

evidence." Appx51.

### B. Ms. Johnson Files A Mandamus Petition At The Veterans Court

In February 2025, Ms. Johnson filed at the Veterans Court a petition for

extraordinary relief in the nature of a writ of mandamus. Appx6-27. She requested

that the court order the board to "immediately effectuate advancement" of her appeal

on the docket, Appx26, or to disclose the criteria for "seriously ill" that is required for

advancement on the docket, Appx11. She challenged the SDVC's denial of

advancement as an abuse of discretion, Appx20-21, and argued that she "is entitled to

[advancement], as the medical evidence shows she meets the criteria," Appx17.

In an October 31, 2025, single-judge decision, the Veterans Court dismissed

the petition. Appx1-4. The court acknowledged its authority to compel the board to

issue a decision for an unreasonably delayed appeal, as the court did in *Heller v.

McDonough,* 38 Vet. App. 75, 87 (2024). Appx3-4. But, the court noted,

Ms. Johnson's petition did not seek an order compelling the board to issue a final

decision; rather, the petition asked for her appeal to be granted advancement on the

board's docket. *Id.* In other words, her petition asked the court to re-adjudicate

"whether she should've been advanced on the docket" and to find that, contrary to

4

the SDVC's determination, she should have been. *Id.* The court found that it lacked the authority to compel the board "to reorder its internal docket" by directly reviewing an interlocutory determination. *Id.* (citing *Heller,* 38 Vet. App. at 84). Thus, Ms. Johnson's request was beyond the court's jurisdiction, warranting dismissal. Appx4.

The Veterans Court entered judgment on November 24, 2025, and Ms. Johnson appealed to this Court. Appx76.

## SUMMARY OF ARGUMENT

Ms. Johnson's petition asked the Veterans Court to "immediately effectuate advancement" of her appeal on the board's docket. In essence, it asked the court to overrule the SDVC's denial of, and directly find her entitled to, advancement.

The Veterans Court correctly rejected her attempt to obtain direct merits review of an interlocutory advancement determination via a petition. Congress explicitly limited the Veterans Court's jurisdiction to final board decisions, 38 U.S.C. § 7252(a); claimants cannot use a petition to circumvent that statutory authority and obtain direct review of interlocutory determinations. Accordingly, this Court should affirm the Veterans Court's decision.

## ARGUMENT

### I.    Standard of Review

This Court's jurisdiction to review decisions by the Veterans Court is limited by statute. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). Under 38 U.S.C.

5

§ 7292(a), this Court has jurisdiction to review a Veterans Court decision with respect to the validity of a decision on a rule of law or the validity or interpretation of any statute or regulation relied on by that court in making that decision.  This Court also has jurisdiction to "interpret constitutional and statutory provisions, to the extent presented and necessary to a decision," and "decide all relevant questions of law." 38 U.S.C. § 7292(c), (d)(1).  However, this Court may not "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case," except to the extent that the appeal presents a constitutional issue.  38 U.S.C. § 7292(d)(2); *see, e.g., Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004).

For appeals involving petitions for a writ of mandamus, this Court possesses jurisdiction to "review the [Veterans Court's] decision whether to grant a mandamus petition that raises a non-frivolous legal question," but cannot "review the factual merits of the veteran's claim."  *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013). This Court reviews legal determinations of the Veterans Court *de novo.  Prenzler v. Derwinski*, 928 F.2d 392, 393 (Fed. Cir. 1991).

II.     **The Veterans Court Correctly Found That Ms. Johnson Could Not Use A Petition To Obtain Direct Review Of An Interlocutory Advancement Determination**

Congress has bestowed the Veterans Court with the limited jurisdiction "to review decisions of the [b]oard."  38 U.S.C. § 7252(a).  Moreover, pursuant to 38 U.S.C. § 7266(a), claimants may only appeal "a final decision of the [b]oard" to the

6

Veterans Court. This Court has long held that, for purposes of these statutes, a decision of the board is "the decision with respect to the benefit sought by the veteran: those benefits are either granted . . . or they are denied." *Maggitt*, 202 F.3d at 1376.

Thus, interlocutory board orders, which do not grant or deny the benefit being sought, are beyond the Veterans Court's jurisdiction. *Kirkpatrick v. Nicholson,* 417 F.3d 1361, 1365 (Fed. Cir. 2005) (board remand is "not a decision within the meaning of section 7252(a)"). Similarly, until a section 7252 board decision is issued in a case, the interlocutory actions of a board Chairman or his or her delegates are beyond the Veterans Court's jurisdiction. *See Mayer v. Brown*, 37 F.3d 618, 620 (Fed. Cir. 1994) (board Chairman denial of reconsideration is "not a decision of the board"), *overruled on other grounds by Bailey v. West*, 160 F.3d 1360 (Fed. Cir. 1998) (concerning equitable tolling); Appellant's Brief (App. Br.) at 18 (citing *Mayer* and conceding this point). In sum, the Veterans Court's review requires a board "decision definitively denying certain benefits." *Tyrues v. Shinseki,* 732 F.3d 1351, 1355 (Fed. Cir. 2013). For these reasons, Ms. Johnson does not dispute that a board Chairman denial of advancement is not a final board decision. App. Br. at 16; *see Palmer v. Shinseki,* 360 F. App'x 141, 142 (Fed. Cir. 2010) (board letter on advancement is "not a final decision"); *Heller*, 38 Vet. App. at 84 (holding "that the denial of a motion for [advancement] does not involve the grant or denial of a benefit" and "is not a final [b]oard decision"); *see also Cohens v. Shulkin,* 684 F. App'x 957, 959 (Fed. Cir. 2017).

7

In Ms. Johnson's petition to the Veterans Court, she requested that the court order the board to "immediately effectuate advancement" of her appeal on the docket. Appx26. She challenged the SDVC's denial of advancement as an abuse of discretion, Appx20-21, and argued that she "is entitled to [advancement], as the medical evidence shows she meets the criteria," Appx17. In sum, she was asking the Veterans Court to review the merits of her motion for advancement, overrule the SDVC's denial, and find her entitled to advancement under 38 U.S.C. § 7107(b)(3)(B). Given the clear statutes and established caselaw above, the Veterans Court was correct to deny her request. In the absence of a final board decision, the Veterans Court lacks jurisdiction to directly review the merits of her motion for advancement and find her entitled. 38 U.S.C. § 7252(a). Claimants cannot use a petition to circumvent that statutory authority and obtain direct review of interlocutory Chairman determinations. Appx3-4. Accordingly, this Court should affirm.

### A. The Veterans Court Did Not Misapply *Heller* Or Otherwise Err

On appeal, Ms. Johnson argues that the Veterans Court misapplied *Heller* by treating board advancement determinations as "categorically beyond [Veterans Court] review." App. Br. at 2. That argument is unavailing for multiple reasons.

First, the Veterans Court's decision in *Heller* does not bind this Court. Therefore, the question before this Court is not whether the Veterans Court did or did not abide by *Heller*; the question before this Court is whether the Veterans Court

8

was correct that, in the absence of a final board decision, it cannot directly review the

merits of an interlocutory board Chairman determination on advancement.  Appx3-4.

Because the Veterans Court was correct on that point, as we demonstrate above, Ms.

Johnson's accusation of a misapplication of *Heller* does not assist her cause.

Second, the Veterans Court did not misinterpret *Heller*.  While Ms. Johnson

characterizes *Heller* as "recogniz[ing] that petitions for extraordinary relief remain the

mechanism through which the Veterans Court may protect its prospective jurisdiction

in cases involving advancement on the docket denials," App. Br. at 7, that is not what

*Heller* said.  Rather, *Heller* (1) stated that "a petition continues to be the way to aid our

prospective jurisdiction by compelling action *unlawfully withheld or unreasonably delayed*,"

(2) noted that Mr. Heller argued unreasonable delay, (3) found unreasonable delay,

and (4) ordered issuance of a board decision within 30 days.  38 Vet. App. at 84

(emphasis added).  So, to be clear, *Heller* did not directly review a denial of

advancement, directly find any entitlement to advancement, or order advancement

(which is what Ms. Johnson asked for in this case, Appx26).

That distinction is a correct interpretation of law.  *See* App. Br. at 10

(contending that the Veterans Court "interpreted *Heller* as permitting relief compelling

issuance of a [b]oard decision while excluding relief directed at advancement on the

docket determinations themselves under 38 U.S.C. § 7107(b)").  Some petitions

demonstrate unreasonable delay and ask the court to compel the board to issue a

decision within a certain timeframe to enable judicial review.  In that context, the

Veterans Court may compel issuance of a board decision that has been unreasonably delayed.  38 U.S.C. § 7261(a)(2) (court shall "compel action of the Secretary unlawfully withheld or unreasonably delayed"); *Martin v. O'Rourke,* 891 F.3d 1338, 1342-43 (Fed. Cir. 2018) (writ can compel action unreasonably delayed); *Heller,* 38 Vet. App. at 85 (same).

Other petitions, however, ask the court to find entitlement to advancement and to compel the board to provide such advancement.  Those requests are beyond the Veterans Court's mandamus power.  *See Erspamer v. Derwinski*, 1 Vet. App. 3, 9 (1991) (mandamus can order that "a decision be made," but cannot "compel a specific type or character of a decision").  The Veterans Court cannot, through mandamus, directly overrule an interlocutory determination on advancement or directly apply § 7107(b)(3)(B) to the facts of the case and find entitlement to advancement.  *See Platt v. 3M*, 376 U.S. 240, 245 (1964) (the "writ cannot be used 'to actually control'" an underlying determination (quoting *Bankers Life & Cas. Co. v. Holland,* 346 U.S. 379, 383 (1953))).[2]

---

[2] In *Bankers Life,* the Supreme Court recognized that this limitation creates the possibility of erroneous interlocutory orders; nevertheless, the writ "is meant to be used only in the exceptional case" of lower tribunal "usurpation of judicial power." *Id.* at 383.  Notwithstanding the "hardship occasioned by appeal being delayed until after final judgment," the writ may not be used for immediate error correction on "issues properly brought before" the lower tribunal.  *Id.* at 382-83.

In the decision on appeal, the Veterans Court recognized this distinction. Appx3-4. Contrary to Ms. Johnson's mischaracterization on appeal, the Veterans Court did *not* hold that that *all* petitions related to board advancement, processing, and speed are "categorically" excluded from its jurisdiction. *Contra* App. Br. at 11. Rather, it merely found that *Ms. Johnson's petition* requested a compulsion beyond the court's authority. Appx3-4. The court found that, while Ms. Johnson paid lip service to the issue of unreasonable delay in her petition, her petition *solely* sought advancement on the docket based on § 7107(b)(3)(B) rather than an immediate decision based on unreasonable delay. Appx4; *see* Appx11 (petition). Thus, the Veterans Court did not exclude from its review all petitions related to board advancement, processing, or speed, *contra* App. Br. at 2, 11, but instead correctly recognized a distinction between (1) requesting that the court compel an immediate decision due to unreasonable delay and (2) requesting that the court compel a favorable outcome on the application of § 7107(b)(3)(B) to a factual circumstance. Appx3-4.

Ms. Johnson also argues on appeal that her petition did not dispute an interlocutory procedural ruling, but instead "alleged that the [b]oard unlawfully withheld a statutory procedural benefit expressly created by Congress." App. Br. at 11. At the outset, we dispute Ms. Johnson's characterization of advancement on the docket as a "benefit." It is a procedural mechanism, not a substantive entitlement.

38 C.F.R. § 20.3(e).[3]  Nevertheless, here, as the Veterans Court noted, there was no

unlawful withholding.  Appx3-4.  Ms. Johnson moved for board advancement, and

the SDVC of the board *ruled on* that motion.  Appx50-51.  So nothing was withheld.

While she disagrees with the content and the outcome of the ruling,[4] such

disagreement—as stated above—is not a permissible basis for a writ.  *Platt,* 376 U.S.

at 245; *Bankers Life,* 346 U.S. at 383; *Erspamer,* 1 Vet. App. at 9.

Ms. Johnson next asserts that the Veterans Court's decision is "difficult to

reconcile with" this Court's non-precedential decision in *Irwin v. Gibson*, 572 F. App'x

974, 977 (Fed. Cir. 2014).  App. Br. at 14.  It is not.  For starters, *Irwin* did not involve

a petition, nor any issue of advancement under § 7107(b); it involved questions of

mootness and harmless error in the context of a total disability rating based on

individual unemployability (TDIU) claim.  *Irwin,* 572 F. App'x at 976-77.

Ms. Johnson asserts that *Irwin*'s instruction that "the Veterans Court should

remand to the [b]oard with instructions to assign Mr. Irwin's pending TDIU appeal its

original docket number and to consider the appeal expeditiously," *id.* at 977, shows

that "courts possess authority to direct relief affecting the timing, prioritization, and

---

[3] Though 38 C.F.R. § 20.3(e) suggests that "status" can be considered a "benefit," that refers to a status that conveys a substantive entitlement (e.g., "service-connected" or "surviving spouse"), not a pure procedural status (e.g., "pending appeal" or "advanced appeal").

[4] Ms. Johnson's argument on unlawful withholding in her petition consisted entirely of disputing the SDVC's analysis.  Appx20-21.

procedural handling of [b]oard adjudication when necessary to remedy legal error and protect meaningful review." App. Br. at 15. This assertion, however, still does not show a conflict. There is no dispute that, when a final board decision is rendered and a chapter 72 appeal is filed, courts can correct all prejudicial errors before them, including errors with regard to board docket number and expeditious processing. 38 U.S.C. § 7261(a). But, as the Veterans Court stated here, when there is no final board decision, no chapter 72 appeal, and no unreasonable delay, a court "lacks authority to order the [b]oard to reorder its internal docket"[5] based on the court's own view that the claimant satisfies the § 7107(b) criteria. Appx4. Thus, there is no conflict between the Veterans Court's decision and *Irwin,* or any other Veterans Court error here.

### B. Ms. Johnson's Concern Regarding The Reviewability Of The Term "Seriously Ill" In § 7107(b) Is Immaterial And Meritless

Ms. Johnson next argues that the Veterans Court's decision "creates a substantial risk that no court will ever meaningfully review or interpret" the term "seriously ill" in 38 U.S.C. § 7107(b). App. Br. at 16. In essence, because board advancement determinations are not final decisions under § 7252(a) and because the

---

[5] It is impermissible to pluck this quote out of context. *See* App. Br. at 11-12. This quote was surrounded by a discussion of *Heller* and unreasonable delay. Appx3-4. It clearly was referring to the situation where a petition asks the court to review advancement under § 7107(b), in contrast to a situation where unreasonable delay is demonstrated and the petition asks for an immediate decision.

Veterans Court rebuffed her attempt to circumvent § 7252(a), she contends that § 7107(b) "risks becoming effectively insulated from judicial review altogether." App. Br. at 17.

At the outset, Ms. Johnson's policy view regarding judicial review of advancement determinations is immaterial. "The Veterans Court's jurisdiction is limited by statute," *Haralson v. Peake*, 315 Fed. App'x 258, 260 (Fed. Cir. 2008), and Congress did not elect to include interlocutory review of advancement determinations within that limited jurisdiction.[6] Ms. Johnson's apparent policy disagreement on that point does not expand the Veterans Court's jurisdiction, since "respect for Congress's prerogatives as policymaker means carefully attending to the words it chose rather than replacing them with" the Court's own views. *Murphy v. Smith*, 583 U.S. 220, 224 (2018). While Ms. Johnson contends that the lack of judicial review for advancement decisions is an "anomalous policy consequence[]," her "recourse lies in Congress, not in the courts." *Feliciano v. Dep't of Transportation*, 605 U.S. 38, 54 (2025).

Regardless, Ms. Johnson is also incorrect. There are multiple avenues a claimant can take to secure court interpretation of the term "seriously ill" in § 7107(b), including filing for judicial review of relevant board regulations under 38 U.S.C. § 502 or filing a petition for VA rulemaking (the denial of which would be reviewable by

---

[6] *See* 38 U.S.C. § 7252(a); *Maggitt*, 202 F.3d at 1376. Notably, Ms. Johnson concedes that an advancement determination does not constitute a "decision" within the meaning of 38 U.S.C. § 7252(a). App. Br. at 16.

14

this Court under § 502). Moreover, as this Court suggested in *Mayer*, once a claimant obtains a final board decision, 38 U.S.C. § 7261(a)(3) "may allow" the Veterans Court to review the board Chairman's actions in the case, 37 F.3d at 620; *accord* App. Br. at 18 (conceding this authority), which could theoretically include a denial of advancement. *See also* 38 U.S.C. § 7261(a) (Veterans Court shall "decide all relevant questions of law" in a proper chapter 72 action).[7] Thus, Ms. Johnson's assumption that disputes over advancement "are functionally insulated from judicial review in every procedural posture" is unfounded. App. Br. at 21.

Ms. Johnson further asserts that, in the absence of a judicial definition of the term "seriously ill," there is risk of subjectivity and inconsistency[8] in application of that term. *See* App. Br. at 20-21. But even beyond the avenues for pursuing further definition noted above, Ms. Johnson and other claimants can also pursue a legislative amendment to § 7107(b). Simply put, if the entity that codified this term (Congress)

---

[7] We say "theoretically" here, because it is not clear how, once a board decision has issued, Veterans Court review of advancement would involve "relevant" questions of law or "material" findings of fact, § 7261(a), or how that review would interact with the court's obligation to take "due account of the rule of prejudicial error," 38 U.S.C. § 7261(b). For her part, Ms. Johnson appears to acknowledge the Veterans Court's jurisdiction in this scenario, App. Br. at 18, but also suggests that advancement "would become moot" once a board decision has issued, *id.* at 20.

[8] Though Ms. Johnson discusses the potential for different understanding amongst Veterans Law Judges, App. Br. at 21, motions for advancement are generally handled by a narrower cadre, Deputy Vice Chairmen, 38 C.F.R. § 20.800(c)(3), which promotes consistency.

15

discerns an issue here, that entity can amend the term. Meanwhile, the board will continue to apply the term "seriously ill" like other statutory terms without objective barometers—"current disability," "severe financial hardship," "obvious error," etc.—on a case-by-case basis, dependent on the persuasiveness of the evidence presented.

As a final note, at one point in her brief, Ms. Johnson alleges that she "is being prevented from submitting evidence supporting" advancement. App. Br. at 19. However, she provided evidence in her original motion for advancement, Appx46-48, and the SDVC's ruling on the motion explicitly expressed a willingness to consider "new evidence" on that issue, Appx51. Thus, the record lacks support for this allegation.

## CONCLUSION

For these reasons, the judgment of the Veterans Court should be affirmed.

16

Respectfully submitted,

BRETT A. SHUMATE
   *Assistant Attorney General*

PATRICIA M. McCARTHY
   *Director*

*Of Counsel:*

MARTIN F. HOCKEY, JR.
   *Deputy Director*

/s/ *Oliver McDonald*

OLIVER MCDONALD

JONATHAN KRISCH
   *Attorney*

   *Senior Attorney*
   *Commercial Litigation Branch*

   *U.S. Department of Veterans Affairs*
   *Civil Division*

   *U.S. Department of Justice*

   *P.O. Box 480, Ben Franklin Station*

   *Washington, DC 20044*

   *(202) 305-0168*

   *Oliver.J.McDonald@usdoj.gov*

JUNE 29, 2026

17

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 3902 words.  This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

/s/ Oliver J. McDonald
Oliver J. McDonald

**CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2026, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the appellate CM/ECF system.

/s/ Oliver J. McDonald
Oliver J. McDonald