No. 2026-1370

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

**PHYLLIS K. JOHNSON,**

*Claimant-Appellant,*

v.

**DOUGLAS A. COLLINS,**
SECRETARY OF VETERANS AFFAIRS,

*Respondent-Appellee.*

Appeal from the Court of Appeals for Veterans Claims
No. 25-1621, J. Laurer

## REPLY BRIEF OF CLAIMANT-APPELLANT PHYLLIS K. JOHNSON

Benjamin R. Binder
ben@binderandwatson.com
(813) 647-5371

BINDER AND WATSON
LAW GROUP
P.O. Box 47386
Tampa, FL 33646
(813) 426-8387

*Counsel for Phyllis K. Johnson*

Meaghan R. Fitzpatrick
mfitzpatrick@binderandwatson.com
(813) 647-5366

BINDER AND WATSON
LAW GROUP
P.O. Box 47386
Tampa, FL 33646
(813) 426-8387

*Co-Counsel for Phyllis K. Johnson*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 26-1370

**Short Case Caption** Johnson v. Collins

**Filing Party/Entity** Phyllis K. Johnson

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 9/3/2026

Signature: /s/ Meaghan R. Fitzpatrick

Name: Meaghan R. Fitzpatrick

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br>☑ None/Not Applicable |
| Phyllis K. Johnson | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| Wesley A. McCauley | | |
| | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐ Yes (file separate notice; see below) ☑ No ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

## TABLE OF CONTENTS

Summary of Rebuttal ........................................................................ 1

Argument........................................................................................... 5

1. The Secretary conflates the absence of direct appellate jurisdiction under § 7252 with the Veterans Court's authority under the All Writs Act to protect its prospective jurisdiction. ............................................................................................ 5
2. The Secretary's reading of *Heller* does not resolve the scope of the Veterans Court's authority under the All Writs Act. ....... 9
3. The Secretary's characterization of Ms. Johnson's petition does not account for the alternative relief she requested. ... 10
4. The Secretary's proposed alternative avenues do not resolve Ms. Johnson's judicial-review concern. ............................... 13

Conclusion ........................................................................................ 20

# TABLE OF AUTHORITIES

## CASES

*Bankers Life & Casualty Co. v. Holland*, 346 U.S. 379 (1953) ..... 12
*Erspamer v. Derwinski*, 1 Vet. App. 3 (1990) .......................... 1, 7-8
*Feliciano v. Department of Transportation*, 605 U.S. 38 (2025) ........................................................................................ 17, 18
*FTC v. Dean Foods Co.*, 384 U.S. 597 (1966) ............................. 1, 7
*Heller v. McDonough*, 38 Vet. App. 75 (2024)........................*passim*
*Irwin v. Gibson*, 572 F. App'x 974 (Fed. Cir. 2014)................. 2-3, 17
*Kirkpatrick v. Nicholson*, 417 F.3d 1361 (Fed. Cir. 2005) .......... 1, 6
*Maggitt v. West*, 202 F.3d 1370 (Fed. Cir. 2000)....................... 1, 6-7
*Mayer v. Brown*, 37 F.3d 618 (Fed. Cir. 1994) .................. 1, 6, 15-16
*Platt v. Minnesota Mining & Manufacturing Co.*, 376 U.S. 240 (1964) ........................................................................ 3, 11-12
*Roche v. Evaporated Milk Ass'n*, 319 U.S. 21 (1943) ...................... 7

## Statutes

5 U.S.C. § 552(a)(1)............................................................... 14
5 U.S.C. § 553 ........................................................................ 14
28 U.S.C. § 1651(a) .................................................................. 8
38 U.S.C. § 502 ...........................................................*passim*
38 U.S.C. § 7107(b) ............................................................... 13
38 U.S.C. § 7107(b)(3)(B).......................................................*passim*
38 U.S.C. § 7252 ............................................................. 1, 5-8
38 U.S.C. § 7252(a) ........................................................ 5-8, 20
38 U.S.C. § 7261(a) ............................................................... 16
38 U.S.C. § 7261(a)(3)............................................................ 15

## SUMMARY OF REBUTTAL

The Secretary's response rests on a premise that does not resolve the jurisdictional question presented here. Ms. Johnson does not dispute that advancement-on-the-docket determinations are generally not independently appealable final Board decisions. Opening Brief (Br.) at 8. But the absence of direct appellate jurisdiction over a nonfinal Board action does not answer whether the Veterans Court may exercise authority under the All Writs Act in aid of its prospective jurisdiction. The Secretary's reliance on *Mayer v. Brown*, *Kirkpatrick v. Nicholson*, and *Maggitt v. West* does not resolve that distinct inquiry. *Kirkpatrick*, for example, held that a Board remand was not a reviewable "decision" under § 7252 because it neither granted nor denied relief. *Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1364-65 (Fed. Cir. 2005). But the Supreme Court has separately recognized that the All Writs Act extends to an appellate court's potential jurisdiction even when an appeal has not yet been perfected. *FTC v. Dean Foods Co.*, 384 U.S. 597, 603-04 (1966). And the Veterans Court itself has applied that principle in holding that its All Writs Act authority extends to its prospective or potential appellate jurisdiction. *Erspamer v. Derwinski*, 1 Vet. App. 3, 8-9 (1990).

The Secretary likewise reads *Heller v. McDonough* too narrowly. Ms. Johnson does not contend that *Heller* itself ordered the Board to advance an appeal. Rather, *Heller* recognized that because an advancement denial cannot be remedied through an ordinary appeal, a petition remains available to protect the Veterans Court's prospective jurisdiction by compelling agency action unlawfully withheld or unreasonably delayed. *Heller v. McDonough*, 38 Vet. App. 75, 84 (2024). The Secretary's distinction between compelling a final Board decision and relief concerning advancement, therefore, does not establish that the Veterans Court lacked authority to consider the relief Ms. Johnson actually requested.

Nor does the Secretary's attempt to distinguish *Irwin v. Gibson* undermine Ms. Johnson's argument. Although *Irwin* did not address the scope of the Veterans Court's authority under the All Writs Act, this Court recognized that the timing and docket position of a Board appeal confer a concrete benefit on a claimant. *Irwin v. Gibson*, 572 F. App'x 974, 977 (Fed. Cir. 2014). The Court therefore directed that, on remand, Mr. Irwin's appeal retain its original Board docket number and receive expeditious treatment. *Id.* Thus, *Irwin* supports Ms. Johnson's narrower

point that the timing and prioritization of Board adjudication are legally significant interests, even though it does not itself resolve whether the Veterans Court may order advancement through extraordinary relief.

The Secretary's characterization of Ms. Johnson's petition as an effort to obtain interlocutory merits review also ignores the alternative relief she expressly requested. Ms. Johnson did not merely ask the Veterans Court to substitute its judgment for the Board's and declare her "seriously ill." She alternatively requested disclosure of the criteria governing that statutory determination. That distinction matters. The Supreme Court has recognized that a reviewing court may determine the appropriate legal criteria while leaving their application to the decisionmaker vested with discretion. *Platt v. Minn. Mining & Mfg. Co.*, 376 U.S. 240, 245 (1964). Thus, the rule prohibiting mandamus from being used to control the exercise of discretionary judgment does not establish that a reviewing court is powerless to identify the governing legal standard and leave its application to the Board.

Finally, the Secretary does not resolve the judicial-review problem produced by the Veterans Court's approach. The Secretary proposes review under 38 U.S.C. § 502, a petition for rulemaking, or possible

review after a final Board decision. Response (Resp.) Br. at 14-15. But § 502 review of an existing regulation does not answer Ms. Johnson's challenge to an undisclosed standard, and requiring her to persuade VA to promulgate a rule is not judicial review of the statutory standard presently governing her advancement request. The Secretary's proposed post-decision remedy is even more uncertain. The Secretary acknowledges that it is unclear whether, once a final Board decision issues, review of the earlier advancement determination would present a relevant question of law or material fact or survive prejudicial-error review. Resp. Br. at 15 n.7. That uncertainty confirms rather than answers Ms. Johnson's concern. If an advancement determination cannot be independently appealed and the underlying controversy disappears once the Board adjudicates the claim, the statutory standard risks escaping meaningful judicial review altogether. Nothing in the statutory scheme indicates that Congress intended that result.

The Veterans Court therefore erred by treating the relief Ms. Johnson requested as beyond its authority without separately considering the scope of its prospective jurisdiction under the All Writs Act and the distinct relief sought concerning the governing statutory

standard. The Court should vacate the Veterans Court's dismissal and remand for consideration under the correct jurisdictional framework.

## ARGUMENT

### 1. The Secretary conflates the absence of direct appellate jurisdiction under § 7252 with the Veterans Court's authority under the All Writs Act to protect its prospective jurisdiction

The Secretary's jurisdictional argument begins with a proposition Ms. Johnson does not dispute: an advancement-on-the-docket determination is not itself a final Board decision subject to direct review under 38 U.S.C. § 7252(a). Resp. Br. at 7; Opening Br. at 16. The Secretary then reasons that, because "interlocutory actions of a board Chairman or his or her delegates are beyond the Veterans Court's jurisdiction," (Resp. Br. at 7), Ms. Johnson could not use a petition to "circumvent" § 7252(a) and obtain direct review of the advancement determination. Resp. Br. at 8. But that reasoning does not resolve the distinct question presented here: whether the Veterans Court may exercise authority under the All Writs Act in aid of its prospective jurisdiction.

The authorities on which the Secretary relies establish the limits of direct appellate review, but they do not eliminate the distinction between

present appellate jurisdiction and authority exercised in aid of prospective jurisdiction. In *Kirkpatrick v. Nicholson*, this Court held that a Board remand was not a "decision" reviewable under § 7252(a) because it did not grant or deny the benefit sought. 417 F.3d at 1364-65. Similarly, *Mayer v. Brown* held that an action of the Board Chairman was not independently reviewable in the absence of an underlying final Board decision. 37 F.3d 618, 619-20 (Fed. Cir. 1994). Those decisions address what constitutes a reviewable Board decision under the statutory scheme governing ordinary appellate review. They do not hold that the absence of such a decision necessarily forecloses a court from exercising authority under the All Writs Act in aid of jurisdiction that may later arise.

*Maggitt v. West* does not establish otherwise. There, this Court explained that the Board "decision" contemplated by § 7252 is "the decision with respect to the benefit sought by the veteran: those benefits are either granted . . . or they are denied." 202 F.3d 1370, 1376 (Fed. Cir. 2000). The Secretary relies on that language to establish that an interlocutory advancement determination is not itself a reviewable Board decision. Resp. Br. at 7. Ms. Johnson does not dispute that proposition. But *Maggitt* addressed the scope of the Veterans Court's appellate

jurisdiction under § 7252; it did not address the Veterans Court's authority under the All Writs Act to act in aid of prospective jurisdiction. *Maggitt* therefore does not resolve the separate jurisdictional question presented here.

The Supreme Court has expressly distinguished those concepts. In *FTC v. Dean Foods Co.*, the Court explained that authority under the All Writs Act "is not confined to the issuance of writs in aid of a jurisdiction already acquired by appeal but extends to those cases which are within its appellate jurisdiction although no appeal has been perfected." 384 U.S. 597, 603-04 (1966) (quoting *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 25 (1943)). *Dean Foods* involved an ongoing administrative proceeding in which no final agency order had yet been entered. *Id.* at 599-600. The Court nevertheless held that the court of appeals possessed authority under the All Writs Act to preserve the effectiveness of its potential appellate jurisdiction while the administrative proceeding remained pending. *Id.* at 603-05.

The Veterans Court has applied that same principle to its own statutory jurisdiction. In *Erspamer v. Derwinski*, the Veterans Court held that its All Writs Act authority extends to its prospective and potential

appellate jurisdiction and entertained a petition alleging that VA's prolonged failure to act threatened to frustrate that future jurisdiction. 1 Vet. App. 3, 8-9 (1990). The Court therefore concluded that it could act under the All Writs Act in aid of jurisdiction it might later exercise over the underlying claim. *Id.* Thus, neither the absence of a presently appealable Board decision nor § 7252(a)'s limitation on direct appellate review necessarily ends the All Writs Act inquiry.

That does not mean the All Writs Act independently expands the Veterans Court's statutory jurisdiction or permits immediate appellate review of every interlocutory Board determination. Rather, the relevant question is whether the extraordinary relief requested is "in aid of" jurisdiction the Veterans Court possesses or may later acquire. 28 U.S.C. § 1651(a). The Secretary's argument largely bypasses that inquiry by treating the nonfinality of the advancement determination as dispositive. Resp. Br. at 7-8. Because the Veterans Court likewise dismissed Ms. Johnson's petition on the ground that the relief she requested was beyond its authority, the proper inquiry is not merely whether the advancement denial was independently appealable, but whether the relief requested

could properly be considered under the Veterans Court's authority to protect its prospective jurisdiction.

**2. The Secretary's reading of *Heller* does not resolve the scope of the Veterans Court's authority under the All Writs Act.**

The Secretary argues that *Heller* does not support Ms. Johnson because the Veterans Court in that case did not review the denial of advancement or order the Board to grant advancement. Resp. Br. at 9-10. According to the Secretary, *Heller* instead permitted extraordinary relief only after finding unreasonable delay and ultimately ordered the Board to issue a decision within 30 days. *Id.* at 9-10. Ms. Johnson does not dispute what relief *Heller* ultimately granted. The disagreement concerns what follows from *Heller*'s jurisdictional analysis.

In *Heller*, the Veterans Court concluded that an advancement denial is not a final Board decision and therefore "can't be fixed with an appeal." *Heller*, 38 Vet. App. at 84 (2024). But the Court did not treat the absence of a final Board decision as ending its All Writs Act inquiry. Instead, it explained that "a petition continues to be the way to aid our prospective jurisdiction by compelling action unlawfully withheld or unreasonably delayed." *Id.* The Court then considered whether the

circumstances warranted extraordinary relief and ultimately ordered the Board to issue a decision within 30 days. *Id.* at 85, 87.

The Secretary reads *Heller* as establishing a distinction between petitions seeking a Board decision and petitions seeking advancement, arguing that the latter are beyond the Veterans Court's mandamus authority. Resp. Br. at 9-11. But *Heller* did not decide whether the All Writs Act categorically precludes relief concerning an advancement determination. Its holding instead concerned whether extraordinary relief was available in the circumstances before it, where unreasonable delay threatened the Court's prospective jurisdiction. 38 Vet. App. at 84-87. Thus, *Heller* does not itself resolve the legal question presented here concerning the scope of the Veterans Court's authority under the All Writs Act.

**3. The Secretary's characterization of Ms. Johnson's petition does not account for the alternative relief she requested.**

The Secretary characterizes Ms. Johnson's petition as an attempt to obtain direct review of the merits of the advancement determination. Resp. Br. at 8. According to the Secretary, Ms. Johnson asked the Veterans Court to "overrule the SDVC's denial" and itself find her

entitled to advancement under § 7107(b)(3)(B). *Id.* But that characterization does not account for the alternative relief presented in the petition. Ms. Johnson requested that the Board disclose the criteria it uses to determine whether a claimant is "seriously ill" under § 7107(b)(3)(B). Appx11-26. Indeed, the Secretary acknowledges that request in recounting the procedural history. Resp. Br. at 4.

That distinction presents a legal question independent of whether Ms. Johnson personally satisfies the statutory standard. The Supreme Court's decision in *Platt v. Minnesota Mining & Manufacturing Co.* illustrates the distinction. There, the Court held that an appellate court could not use mandamus to substitute its judgment for a discretionary determination committed to the district court. 376 U.S. 240, 245 (1964). But the Court separately explained that "[t]he function of the Court of Appeals in this case was to determine the appropriate criteria and then leave their application to the trial judge on remand." *Id.* Thus, *Platt* distinguished between identifying the criteria governing a discretionary determination and applying those criteria to reach the discretionary result.

That distinction answers the Secretary's reliance on *Platt* and *Bankers Life & Casualty Co. v. Holland*. Resp. Br. at 10 n.2. Ms. Johnson need not ask this Court to determine whether the evidence establishes that she is "seriously ill," nor should or must this Court decide whether the Veterans Court should have ordered the Board to advance her appeal. The antecedent question is whether the Veterans Court correctly treated the relief requested as beyond its authority without separately considering the request concerning the criteria governing § 7107(b)(3)(B). Resolution of that question does not require this Court to reweigh Ms. Johnson's medical evidence or determine whether she personally qualifies for advancement.

The Veterans Court's order did not separately address that alternative request. Instead, after distinguishing *Heller*, it reasoned that Ms. Johnson did not seek an order requiring the Board to decide her appeal but asked the Court "to order the Board to advance her case on the docket or better explain its criteria." Appx3-4. It then concluded that "the Court lacks authority to order the Board to reorder its internal docket" and dismissed the petition because Ms. Johnson "requests relief that the Court lacks authority to provide." Appx4. The order therefore

grouped the request for an explanation of the governing criteria together with the request for advancement without separately analyzing whether the former presented a distinct form of relief.

Ms. Johnson's challenge to that legal framework does not require this Court to decide the merits of her advancement request. It requires the Court to determine whether the Veterans Court correctly concluded that the relief presented in the petition fell outside its authority as a matter of law. If the Veterans Court applied an unduly restrictive understanding of its authority, the appropriate remedy is vacatur and remand for that court to consider the petition under the correct legal framework.

**4. The Secretary's proposed alternative avenues do not resolve Ms. Johnson's judicial-review concern.**

The Secretary alternatively argues that Ms. Johnson's concern that the meaning of "seriously ill" may evade judicial review is unfounded because other avenues exist for obtaining a judicial interpretation of § 7107(b). Resp. Br. at 14-15. Specifically, the Secretary identifies judicial review of qualifying Board regulations under 38 U.S.C. § 502, a petition for VA rulemaking whose denial could be reviewed under § 502, and

possible review of an advancement determination after issuance of a final Board decision. *Id.* None establishes that the statutory standard presently governing advancement determinations is meaningfully reviewable through those avenues.

Section 502 provides direct Federal Circuit review of actions of the Secretary covered by 5 U.S.C. §§ 552(a)(1) and 553. 38 U.S.C. § 502. Section 7107(b)(3)(B) is not, however, a Board regulation or other action of the Secretary; it is a statute enacted by Congress, and the Secretary identifies no existing regulation defining the statutory term "seriously ill" for Ms. Johnson to challenge under § 502. Thus, citing § 502 does not identify an existing avenue by which Ms. Johnson could obtain judicial interpretation of the statutory language currently governing her advancement request.

The Secretary then seems to suggest that a claimant could petition VA to promulgate a rule and, if VA denied that petition, seek judicial review of that denial. Resp. Br. at 14-15. That proposed avenue merely shifts the problem. Congress has already enacted § 7107(b)(3)(B), and VA is already applying the statutory term "seriously ill" when adjudicating advancement requests. Yet under the Secretary's proposed approach,

because VA has not promulgated a regulation defining the term, the burden would fall on Ms. Johnson to initiate an entirely separate rulemaking proceeding in an effort to create agency action that might later be reviewable under § 502. And even then, Ms. Johnson could request that VA define "seriously ill," but she could not compel VA to promulgate a regulation adopting any particular definition or language that would squarely present the meaning of that statutory term for judicial review. The Secretary does not explain why a claimant must undertake those additional administrative steps merely to obtain judicial consideration of the statutory standard VA is already applying to her. The proposed rulemaking route therefore does not answer Ms. Johnson's concern; it presupposes that she must first attempt to create a separately reviewable agency action concerning a statutory standard that already governs her request for advancement.

The Secretary's proposed post-decision avenue is similarly uncertain by the Secretary's own account. Relying on *Mayer v. Brown*, the Secretary states that once a final Board decision exists, § 7261(a)(3) "may allow" the Veterans Court to review actions of the Board Chairman and asserts that such review "could theoretically include a denial of

advancement." Resp. Br. at 15 (quoting *Mayer v. Brown*, 37 F.3d 618, 620 (Fed. Cir. 1994)). But the Secretary immediately qualifies that position. In footnote 7, the Secretary acknowledges that "it is not clear" how review of an advancement determination after a final Board decision would involve a "relevant" question of law or "material" finding of fact under § 7261(a), or how such review would operate under the rule of prejudicial error. Resp. Br. at 15 n.7. The Secretary's own qualification therefore leaves unresolved whether the proposed post-decision avenue would actually permit meaningful review of the advancement determination.

That uncertainty matters because advancement is inherently concerned with **when** the Board adjudicates an appeal. Once the Board has issued its final decision, an order advancing that appeal on the Board's docket can no longer provide the procedural benefit sought. Ms. Johnson's concern is therefore not merely disagreement with Congress's policy choices, as the Secretary suggests. Resp. Br. at 14. It concerns the practical consequence of the jurisdictional rule the Secretary asks this Court to adopt: the advancement determination is not independently appealable before a final Board decision, while the Secretary itself cannot

say that the legality of that determination will remain meaningfully reviewable after the final decision issues.

The circumstances of *Irwin* further illustrate the significance of the timing and docket position of a Board appeal. There, this Court held that VA's initiation of a separate proceeding did not render the appeal moot because a judicial remand would provide Mr. Irwin with the concrete benefit of quicker adjudication. 572 F. App'x at 976-77. The Court ultimately directed that, on remand, Mr. Irwin's appeal retain its original Board docket number and receive expeditious treatment. *Id.* at 977. *Irwin* did not address the Veterans Court's authority to order advancement under the All Writs Act, and Ms. Johnson does not rely on it for that proposition. Rather, *Irwin* supports the narrower point that the timing and docket position of a Board appeal may carry concrete procedural consequences that cannot necessarily be restored once the relevant adjudication has occurred.

Nor does *Feliciano v. Department of Transportation* resolve that question. The Secretary quotes *Feliciano* for the proposition that when a party objects to "anomalous policy consequences," the appropriate recourse ordinarily lies with Congress rather than the courts. Resp. Br.

at 14 (quoting *Feliciano v. Dep't of Transp.*, 605 U.S. 38, 54 (2025)). *Feliciano* did not concern the availability of judicial review, the All Writs Act, or a statutory standard that might evade review. Rather, after interpreting the statute before it according to its text and context, the Supreme Court rejected an argument that the resulting interpretation should be altered because it produced allegedly "anomalous policy consequences." *Feliciano v. Dep't of Transp.*, 605 U.S. 38, 54 (2025). The Court explained that dissatisfaction with the policy consequences of the statutory rule Congress enacted was a matter for Congress, not a basis for departing from the statute's meaning. *Id.*

Ms. Johnson makes no comparable argument. She does not ask this Court to disregard or rewrite § 7107(b)(3)(B) because she disagrees with Congress's policy choice. Nor does she contend that Congress should have created a different advancement standard. The question here concerns the scope of judicial authority to review a statutory standard that VA presently applies but has not defined. The reviewability consequences identified by Ms. Johnson arise from the Secretary's proposed interpretation of the jurisdictional scheme that an advancement determination is not independently appealable before a final Board

decision, while the Secretary acknowledges uncertainty as to whether meaningful review remains available after that decision issues. Resp. Br. at 15 n.7. *Feliciano*'s rejection of a policy-based argument for departing from otherwise ascertainable statutory meaning therefore does not resolve the jurisdictional question presented here.

Again Ms. Johnson asks the Court to resolve the legal question concerning the scope of judicial authority over a statutory standard Congress enacted but did not define. The possibility that the Secretary's jurisdictional construction would leave that standard without meaningful judicial review bears directly on that interpretive question; it is not an independent request that the Court rewrite the statutory scheme based on preferred policy.

Accordingly, the alternative procedures identified by the Secretary do not answer Ms. Johnson's reviewability argument. Section 502 depends upon qualifying agency action, the proposed rulemaking route requires initiation of a separate administrative process, and the Secretary itself describes post-final-decision review as merely "theoretical" and acknowledges uncertainty concerning whether such review would be available. Resp. Br. at 14-15. Those possibilities do not

establish that the Veterans Court correctly construed the limits of its authority in this case.

## CONCLUSION

The Secretary's response does not establish that the Veterans Court correctly construed the limits of its authority. Ms. Johnson does not dispute that an advancement-on-the-docket determination is not independently appealable under § 7252(a), nor does she ask this Court to determine in the first instance whether she satisfies the "seriously ill" standard under § 7107(b)(3)(B). The question is whether the Veterans Court properly treated the absence of a final Board decision as foreclosing the extraordinary relief Ms. Johnson requested without fully considering its authority under the All Writs Act in aid of its prospective jurisdiction.

Neither *Heller* nor the Secretary's other authorities compel that result. And the alternative avenues identified by the Secretary do not resolve the reviewability concern presented here. The Secretary identifies no existing regulation defining "seriously ill" that Ms. Johnson could presently challenge under § 502, while its proposed post-decision avenue is one the Secretary itself describes as merely "theoretical" and

acknowledges may not provide meaningful review. Resp. Br. at 14-15 & 15 n.7.

Accordingly, Ms. Johnson respectfully requests that this Court vacate the October 31, 2025, order dismissing her petition and remand the matter to the Veterans Court for reconsideration under the correct legal framework.

Respectfully submitted,

/s/ Benjamin R. Binder
Benjamin R. Binder, Esq.
Counsel for Claimant-Appellant
P.O. Box 47386
Tampa, FL 33646
Telephone: (813) 647-5371

/s/ Meaghan R. Fitzpatrick
Meaghan R. Fitzpatrick, Esq.
Co-Counsel for Claimant-Appellant
P.O. Box 47386
Tampa, FL 33646
Telephone: (813) 647-5366

## SERVICE CERTIFICATE

I hereby certify that the Reply Brief in 2026-1370, *Johnson v. Collins*, was served on counsel by electronic service, under the Court's CM/ECF system, on September 3, 2026.

## COMPLIANCE CERTIFICATE

1. This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B). The brief contains 3,846 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii) and Federal Circuit Rule 32(b).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6). The brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook typestyle.

Respectfully submitted,

/s/ Benjamin R. Binder
Benjamin R. Binder, Esq.
Counsel for Claimant-Appellant
P.O. Box 47386
Tampa, FL 33646
Telephone: (813) 647-5371

/s/ Meaghan R. Fitzpatrick
Meaghan R. Fitzpatrick, Esq.
Co-Counsel for Claimant-Appellant
P.O. Box 47386
Tampa, FL 33646
Telephone: (813) 647-5366